## Berlin Beneficial Society *versus* March.

By the provision of a by-law of a beneficial society, at the death of one of its members $25 were to be paid to his widow or relatives to provide for his decent interment. The widow of a deceased member, who, at the time of his death and for years previously, had not been living with him, and had incurred no expense towards his interment, brought an action to recover this stipulated sum, and was met by an offer by the society to show that the amount had already been paid to decedent's son-in-law, at whose house he died, and who bore all the expense of his funeral; which offer was rejected by the court: *Held*, that this offer should have been received. *Held*, also, that being separated from her husband, in pursuance of a mutual understanding and not by reason of coercion or ill-treatment, living apart from him at the time of his death, and having borne no part of the funeral expenses, the widow was not entitled to the bounty of the society.

May 23d 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS, J., absent.

Error to the Court of Common Pleas of *Adams county :* Of May Term 1876, No. 37.

This was an action of assumpsit, brought by Barbara March against the Berlin Beneficial Society, a corporation-chartered by the Court of Common Pleas of Adams county, among the by-laws of which was contained the following provision :—

" At the death of a member who shall have belonged to the association at least one year, the association shall pay to his widow or relatives twenty-five dollars, for and towards his decent interment, and at the next stated meeting each member shall pay an extra contribution of fifty cents, which shall be given to the widow of such member."

On the trial plaintiff testified as follows :—

" My husband was Daniel March. We were married I think on the 5th of October 1857. I have the justice's certificate of marriage. Daniel March is dead. He died the 3d of last September, two years ago. I knew of his being a member of the Berlin Beneficial Society. Three or four months after his death I made demand of Hamilton King (the president of the society) for the twenty-five dollars. The man who made the coffin for Daniel March came after me. I told Hamilton King I wanted twenty-five dollars to pay for the coffin. He wouldn't give it to me. I never received it from any one. At the time I was married I lived in York county. After marriage moved to Berlin, where my husband and I lived twelve or thirteen years altogether. He assigned all the property to me. I payed him $100 and he left. That was about six or eight years ago. He didn't live with me since that time. He lived in Berlin by himself—did his own cooking and housekeeping. I didn't go to see him. I was present at his funeral—not present at his death. I did not engage the coffin. My husband died in York county, seven miles from Berlin. I went down the day of the funeral—not before."

[Berlin Beneficial Society v. March.]

It was admitted that Daniel March was a member of the society in good standing and had been for one year before his death.

The plaintiff acknowledged the receipt of eighty-three dollars and fifty cents, the amount raised by a contribution of fifty cents from each member of the society, but brought this action to recover the twenty-five dollars provided by the by-law to be paid to her as widow to defray the funeral expenses of her deceased husband.

The society resisted payment, alleging that the money had already been paid out in accordance with the provisions of the by-laws, and called John F. Mummert, the son-in-law, as a witness, and offered to prove by him "that Daniel March, the deceased member, died at the house of his son-in-law, John F. Mummert, whose wife is living and keeping house with him as husband and wife; that the funeral was held at the house of this relative, and that decedent was buried from his house; that this relative paid for the shroud, and incurred other expenses attending the interment of deceased; that he directed the coffin to be procured from the undertaker, and received from the Berlin Beneficial Society, the defendant, before the bringing of this suit, the sum of twenty-five dollars for and towards the decent interment of the said Daniel March."

The plaintiff objected to this offer as insufficient to constitute a defence to plaintiff's claim under the provisions of defendant's charter and by-laws, and the court rejected the offer. Defendant excepted and the court overruled the exception and instructed the jury to find for the plaintiff. There was a verdict and judgment accordingly, and defendant took this writ and assigned for error the rejection of his offer of evidence and the instruction of the court. There were other errors assigned, but they do not enter into the decision of this court.

W. B. Woods, for plaintiff in error.—It is not a contribution for the widow, but a payment for a specific purpose—the member's decent interment. No right attaches to any one to have the money except for the particular purpose designated. There might be circumstances wherein the society would be justified in passing widow and relatives to secure a decent interment for the deceased member, which is the matter to be provided for, and the widow or relatives are only designated because it is natural they should provide for proper interment. The payment is not to the widow only, it may be to a relative, and the medium through which the money is paid is not essential to its object.

David Wills, for defendant in error.—The widow of a decedent is the party who should be consulted and should give directions for the arrangements for the interment. She is first to be considered, and the by-law referred to does not contemplate that the society has its option to pass the widow by and pay any of the more remote

[Berlin Beneficial Society *v.* March.]

kindred of the decedent. Its reasonable construction is that the money is to be paid to the widow, if decedent left a widow; if not, then to his relatives. It is only in the event of there being no widow that the society can pay to the relatives.

Mr. Justice GORDON delivered the opinion of the court, June 5th 1876.

Daniel March died at, and was buried from the house of his son-in-law, who seems to have provided all things necessary for the funeral. Mrs. March, the plaintiff, wife of Daniel, was not living with her husband at the time of his decease, nor had she been for some six or eight years previously thereto. According to her own testimony, the separation resulted from a mutual understanding between themselves, and not from any coercion or ill treatment upon his part. Following the analogy afforded us in the case of Hettrick *v.* Hettrick, 5 P. F. Smith 290, in which it was held that a widow separated from her husband, under like circumstances to those above stated, was not entitled to the $300 exempted by the Act of 1851, we cannot see how the plaintiff was entitled to the bounty of the society defendant. This bounty was intended for the benefit of the widow of the deceased, or in case he should leave no widow, then for his children, the obvious intention being to aid and abet those who had been immediately dependent upon him for sustenance and support, and who, by his death, would be left helpless. This, however, cannot be predicated of the plaintiff, for she was not of his family at the time of his death, nor had she been for many years; she had not performed the duties of a wife to Daniel March and was in nowise dependent upon him for maintenance.

This reasoning would apply to the donation she has already received from the treasury of the society, but it has all the greater force when considered in connection with her claim for the twenty-five dollars, which she seeks, in this suit, to recover. That sum of money was, by the rules of the society, especially designed to aid in the " decent interment " of the deceased, but about this she put herself to neither expense nor trouble. The son-in-law, to whom, it was proposed to show, the twenty-five dollars were paid, bore the burthen of the funeral, and, if it be so, that the coffin is not yet paid for, clearly she is not liable therefor, whoever else may be. In this matter she has incurred neither cost nor liability and it would be strange indeed if she were entitled to money devoted to an object which she in no degree assisted to promote. The defendant's offer of evidence should have been received; but the exceptions taken to the *narr.* are not sustained.

The judgment is reversed and a new *venire* awarded.