## Stitzel, Executrix, v. Smith et al.

*Morgan D. Reinbold*, for plaintiff.

*Theodore G. Confer*, for defendant relief association.

*Charles K. Derr*, for children, claimants.

SHANAMAN, J., October 26, 1935.—The pleadings are the bill, answer, interpleader, and a framed issue.

The issue is whether a fund collected by a relief association of a fire company, under its rules, from its members for payment in relief of the family of a deceased member for funeral and incidental expenses, is payable, upon his death, to his executrix or to his lineal descendants and heirs at law, none of whom are members of his

immediate family at the time of his death, or have incurred the expenses of his funeral.

### Findings of fact

1. On and for the period immediately preceding June 29, 1934, Mahlon S. Miller, now deceased, was a member in good standing of The Relief Association of Union Fire Company No. 1, Hamburg, Pa.

2. Mahlon S. Miller died on June 29, 1934.

3. Lillie L. Stitzel is executrix of the said Mahlon S. Miller, late of Hamburg, county and State aforesaid, deceased, by virtue of letters testamentary granted by the Register of Wills of Berks County on July 3, 1934.

4. There is in the hands of the officers and trustees of the said The Relief Association of Union Fire Company No. 1, Hamburg, Pa., one of the defendants, the sum of $461.

5. The said association, according to its bylaws, was formed for the purpose of providing for the expenses incidental to the last illness and funeral of deceased members, and article 2 of the said bylaws sets forth the following:

"The object of this association is to establish a fund by means of contributions by its members for the immediate relief of the family of every member upon death, for funeral and incidental expenses."

6. Said association by its constitution and bylaws provided, inter alia, in article VIII as follows:

"Immediately on notification to the financial secretary that a member has died, and upon satisfactory proof of death being furnished, the secretary shall make a report thereof to the president, who shall forthwith call a special meeting of the association, which meeting shall cause an order to be drawn upon the treasurer in an amount equal to the sum of one dollar for each and every member of this association at the time of such death, which sum shall be paid by the financial secretary to the family of

the deceased member, if any; otherwise to his administrator or executor."

7. The said Mahlon S. Miller, deceased, for a period of 15 years and upwards immediately prior to and at the time of his death, resided in the home of said Lillie L. Stitzel.

8. Lillie L. Stitzel, executrix, incurred the expenses of the funeral of the said Mahlon S. Miller, amounting to $354.65.

9. The said Mahlon Miller at the time of his death carried two insurance policies in the Metropolitan Life Insurance Company, one for $250 and one for $350, in which there was no beneficiary named, and which, under the terms of the policies, were payable optionally to his executor or to any other person appearing to the company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured or for his or her burial.

10. The proceeds of said policies, to wit, $601.59, were paid by Metropolitan Life Insurance Company to Lillie L. Stitzel, the executrix.

11. The family relationship did not exist between the decedent and his children and grandchildren, claimants, for a space of 15 years and upwards prior to his death.

12. The officers and trustees of the relief association, when they were confronted by adverse claims upon the fund presented on the one side by the executrix of their deceased fellow member, and on the other side by his children and grandchildren, petitioned for an interpleader to determine who was the proper recipient of the money, and the court, on motion of all the parties through their counsel, framed an issue to determine whether the fund of $461 held by the relief association should be awarded to Lillie L. Stitzel, executrix, or to Robert R. Miller, Helen E. Gilbert, Paul M. Miller, children, and Joseph Miller and Charles Miller, grandchildren, being children of a deceased son of decedent and as minors represented by John G. Rhoads, guardian ad litem.

*Discussion*

The bylaws of the relief association provide that the fund is intended for the immediate relief of the "family" of a deceased member "for funeral and incidental expenses", and shall be paid by the financial secretary "to the family of the deceased member, if any; otherwise to his administrator or executor". There is testimony to show that Mahlon S. Miller, the decedent, boarded at the home of Mrs. Stitzel, executrix, from the year 1919 until the date of his death. The evidence also indicates that decedent's children lived elsewhere; that in all that period of time an unfriendly feeling existed between the decedent and his children, in view of the testified facts that they never visited him and did not attend during his illness nor at his funeral. There is no evidence that they contributed or paid any of the expenses incurred in or incidental to the last illness and funeral of their deceased father, or incurred any of such expenses, or were put to any expense by reason of his last illness and funeral, or are willing to pay any of the said expenses. There is no testimony that the decedent supported any of his children or grandchildren, or contributed to their maintenance by allowance, gifts, or otherwise. It can scarcely be said, therefore, that the family relation, under any appropriate definition, existed between the decedent and the defendant-claimants, unfortunate as the fact may be. Since they had for many years lived apart from him, during which time it has not been shown that they received anything from him and has been shown that they did not visit him, and since, further, they have not participated in the arrangements for the funeral or incurred any expense therein, they have not sustained the burden of showing that they were members of his family within the intent of the bylaw. It follows that they are not entitled to share in the relief fund, and that it should be paid to the executrix as provided by the asso-

ciation's bylaw governing such a matter: Berlin Beneficial Society v. March, 82 Pa. 166.

The chief point raised in behalf of the defendants in the issue is that in view of the payments made by the insurance company to the executrix in settlement of the insurance policies carried on decedent's life, and in view of the fact that such policies are commonly taken out for the purpose of providing money to cover the expenses of the last illness and funeral of a decedent, all of the funeral funds provided should equally share the burden of the burial and incidental expenses. There is no evidence that such was the intent of the decedent. Furthermore, to adopt such a view would appear to work either to the relief of the insurance company or of the relief association. Neither body contends that it owes less than the amount provided by its contract. The insurance company has paid its policies; the relief association is willing to perform its contract. In order that the defendants should be entitled to any portion of the relief fund, it is necessary that they show that within the intent of the bylaws of the relief association they are parties in title. This, as we above pointed out, they have failed to show.

Defendants have shown us no authority sustaining their contention that where there are two funds available for funeral expenses, owed by debtors who are able, liable, and willing to perform the whole of their contractual obligation, then if one of the debtors has already paid and satisfied its obligation, the other should be ordered to pay the fund in its hands, not to the party who has incurred the expense of the funeral, but to some third parties who have not affirmatively shown that they are entitled to receive any portion of the fund.

"Nor does the fact that the party who received the money received other moneys, without proof as to what the moneys were for or how they were paid, whether as death benefits or funeral benefits . . . prevent the defendant lodge from carrying out its contract in good

faith and in the exercise of its discretion": Carl v. Hirsch et al., 19 Berks 254, 258.

In that case the rules of the association gave the council a discretion to determine to whom, under the laws of the order, the death benefits should be paid. In the present case, furthermore, the moneys paid by the Metropolitan Life Insurance Company were paid as the proceeds of a policy of life insurance, and were not funeral benefits such as the fund in question in the present case. See Freed's Estate, 1 D. & C. 308.

Plaintiff, at the argument, agreed that a credit of $15 was properly due the relief association for counsel fees, and allowance for that is therefore made in our conclusion of law. The costs should be paid by the children who have caused the litigation, and since they are liable therefor, we see no reason to impose costs on the minor grandchildren.

### Conclusions of law

1. Mahlon S. Miller, the decedent, at the time of his death, June 29, 1934, was a member of the defendant organization and as such was entitled to the payment of funeral and incidental expenses upon his decease.

2. The defendant organization is indebted to the plaintiff in the sum of $446, in accordance with the purposes of the organization as set forth in article 2 of its bylaws.

3. The costs of the proceedings shall be paid by Robert R. Miller, Helen E. Gilbert, and Paul M. Miller.