## ANDERSON v. INDUSTRIAL COMMISSION et al.

No. 6761.  Decided March 12, 1945.  (157 P. 2d 253.)

See 71 C. J. Workmen's Compensation, Sec. 591; 28 R. C. L. 822.

*Gustin & Richards,* of Salt Lake City, for plaintiff.

*Grover A. Giles,* Atty. Gen., *Irvine, Skeen & Thurman,* of Salt Lake City, and *Orval Hafen,* of St. George, for defendants.

McDONOUGH, Justice.

Plaintiff seeks to annul an award of $500 to J. Merlyn Milne as the "unpaid balance of the medical and hospital

expenses" incurred as a result of injury in the course of employment at St. George while operating as an airplane pilot instructor.

By reason of the accident for which he was awarded workmen's compensation Milne was entitled to have paid the sum of $500 under the terms of an accident policy issued to him by Associated Aviation Underwriters. Therein the insurer contracted to pay Milne "in addition to other indemnity payable under the policy, the expense actually incurred" for medical treatment "not to exceed in the aggregate the sum of Five Hundred Dollars ($500) the result of any one accident." It is not disputed that the sum of $500 was issued for payment of hospital and medical expenses pursuant to the terms of said accident policy on which Milne paid the premiums.

Plaintiff employer paid compensation installments as required by law and also paid all of the medical and hospital expenses except $500 of a doctor bill of $1,357.50. The $500 insurance check was turned over to Milne's doctor so that by cashing this check the claim of the doctor was paid in full.

The substantial question presented under these facts is this: Under Sections 42-1-75 and 42-1-43, U. C. A. 1943, may the Industrial Commission require an employer, or his insurance carrier, to pay to an injured employee entitled to compensation a sum equal to that paid by the employee's insurer pursuant to a policy sold said employee for medical and hospital bills reasonably incurred as a result of a compensable industrial accident?

Section 42-1-75, U. C. A. 1943 provides:

"In addition to the compensation provided for in this title the employer * * * shall in ordinary cases also be required to pay such a reasonable sum for medical, nurse and hospital services, and for medicines, and for such artifical means and appliances as may be necessary to treat the patient as in the judgment of the industrial commission may be just, not exceeding the sum of $500; provided, that if upon application to and investigation by the industrial commission it shall find that in particular cases such an amount is

insufficient, it shall determine and fix such a reasonable amount as under all the circumstances may be fair and just, * * *."

Section 42-1-43, U. C. A. 1943 provides:

"Every employee mentioned in section 42-1-41 who is injured * * * by accident arising out of or in the course of his employment; * * * shall be entitled to receive, and shall be paid, such compensation for loss sustained on account of such injury * * * and such amount for medical, nurse and hospital services * * * as is herein provided."

Plaintiff employer contends that he should not be required to pay this sum to the injured employee, for the reason that when the insurance check for $500 was applied on the account, the "unpaid balance of medical and hospital expenses" no longer existed; and that since the insurance company paid the $500 for the specific purpose of payment of medical expenses, there was no payment by the employee for which he could claim reimbursement.

He further contends that there is no authority conferred by law on the commission to order payment of the questioned amount to Milne.

"If the foregoing decision [of the Commission] is permitted to stand," says plaintiff, "it will permit the defendant, Milne, to enrich himself to the extent of $500, without having been damaged in that amount, and would indirectly result in a payment of insurance to him in the sum of $500 that he otherwise could not obtain."

In support of his contention that the medical and hospital expenses in question having been paid by insurance paid for by Milne, there is no obligation on plaintiff to pay the amount thereof to the former, plaintiff cites: In re Haas, 3 Pa. Co. Ct. R. 345; Berlin Beneficial Society v. March, 82 Pa. 166; and Fanton v. Coachman's Benevolent Union, 13 Misc. 245, 34 N. Y. S. 162. These cases are not helpful. They are to the effect that where a benevolent society undertakes to pay a sum to defray funeral expenses, the sum so paid must be applied to the purpose for which paid and may not be diverted to one not entitled thereto.

No cases have been cited by counsel involving a situation similar to that here presented, and our research has revealed but one—*Inter-Ocean Casualty Co.* v. *Lenear*, Tex. Civ. App., 95 S. W. 2d 1355, 1358. It involves the converse of the situation here presented, being a suit against the casualty company to recover upon an accident insurance policy. The policy provided in effect that if the insured should carry any other insurance covering the same loss, then the insuring casualty company would be liable only prorata with the other companies whose policies covered the loss. One of the contentions of appellant casualty company was that since appellee was paid the sum of $2,465 indemnity for the same loss covered·by its policy by his employer's insurance carrier, pursuant to the provisions of the Texas Workmen's Compensation Law, Vernon's Ann. Civ. St. art. 8306 et seq., such payment should reduce appellant's liability proratably. The contention was rejected. Said the court:

"The provision of the policy, allowing a proration with other policies 'carried by the insured,' must be given a fair and reasonable interpretation in accordance with the purpose on which the provision is based. Evidently, the provision was designed to protect the insurer against the moral hazard of overinsurance brought about by the insured, or by another for his benefit and with his knowledge and consent. We do not believe that the provision can be given the effect of classifying the protection given an employee under the Workmen's Compensation Law, as an insurance carried by the employee as to bring such insurance under the terms of the policy's provision and the manifest purpose of such provision. The employee, under the Workmen's Compensation Law, is merely the recipient of the benefits as provided in the law in consideration of surrendering rights which he may have independent of such law. *   *   **"

The Court of Civil Appeals of Texas thus refused to construe a specific proration provision in an accident policy so as to bring within its intendment the coverage provided by the Workmen's Compensation law. We have not that situation here. We are asked rather, as will presently be seen, to read such a clause, or one having a similar effect, into the quoted statutes of this state.

In the instant case the company which issued the policy did not resist payment of the five hundred dollars because the employer was liable therefor under statute. It paid. We are asked, in effect, to hold that it paid the sum for the benefit of the employer rather than for the benefit of the insured in order to prevent the unjust enrichment of the latter. But would not such holding, in effect, unjustly enrich appellant? Under the provisions of Sec. 42-1-43 the employee who has suffered a compensable accident is "entitled to receive, and shall be paid" such amount "for medical, nurse and hospital services" as provided by Sec. 42-1-75, U. C. A. 1943. The sum here involved was for services rendered because of the accident arising out of and in the course of Milne's employment. Hence, if the total is reasonable, it is one which the statute says appellant should pay and Milne is entitled to receive.

The plaintiff apparently concedes that had Milne paid the amount involved assuming that the total was reasonable, appellant, under the statutes, would be required to reimburse him. But as we view the matter, Milne did, as between him and plaintiff, pay it. He paid the premiums, he purchased the benefits. Milne hence procured the sum to be paid which the plaintiff was obligated to pay. As between plaintiff and him it was his payment. Clearly it was not payment by plaintiff. Where the Commission speaks of the $500 as being the "unpaid balance of the medical and hospital expenses," it evidently meant that part of total of such expenses which plaintiff was obligated to pay Milne which remained unpaid. The obligation imposed by the statute is clear. The order of the Commission is in strict accord therewith, and if otherwise valid should be upheld. Cf. *Ogden Union Ry. & Depot Co.* v. *Industrial Commission,* 85 Utah 124, 38 P. 2d 766.

Plaintiff contended at the hearing and urges here that the question of the award of an extra amount for medical and hospital expenses was not properly before the Commission for hearing and that there was no evidence upon which to find that the $500 in addition to the $857.50 was reasonable. Both contentions must be

overruled. The first is sufficiently answered in *Buckingham Transportation Co.* v. *Industrial Comm.*, 93 Utah 342, 72 P. 2d 1077, 1086, wherein we stated:

"* * * We do not think that section 42-1-75 requires that the commission have before it a special application alleging the case to be a particular one which warrants the granting of extra medical expense before it has jurisdiction to make an award in that regard. If, upon the hearing on the original application, the facts warrant such a determination, we think the commission has jurisdiction to make an award, accordingly. By the original application all are notified that the commission will hear and determine the matter of award both as to compensation and as to medical, nursing, and hospital expenses. * * *"

We are also of the opinion that the record contains sufficient evidence to support the finding and award.

Award affirmed.

LARSON, C. J., and TURNER, WADE, and WOLFE, JJ., concur.