RIDDELL *v.* CAGLE'S ESTATE

No. 40063 March 19, 1956 85 So. 2d 926

*Ray, Spivey & Cain,* Canton, for appellant.

*Crawley & Ford,* Kosciusko, for appellee.

LEE, J.

This litigation arose by reason of the claim of Mrs. Pauline E. Cagle and her two minor children against Tom Riddell, Jr., for workmen's compensation benefits on account of the death of their husband and father, Orborn L. Cagle. The attorney-referee awarded the benefits, and his findings were affirmed by the Commission, and on appeal, the circuit court affirmed the award. Riddell appealed.

Appellant was engaged in transporting cattle, cotton, etc., using trucks for that purpose. Cagle, one of his truck drivers, making $60.00 a week, was killed in the wreck of a truck, which he was driving in the course of his employment.

Riddell employed eight or more men, but he neither secured insurance to cover his liability nor became a self insurer. The Workmen's Compensation Act required him to do one or the other. He testified that several agents, to whom he applied, were unable to get coverage for him. In such situation however, he did not apply to the Commission for such insurance as is contemplated by Section 6998-56, Code of 1942 Annotated. On the contrary, he took out and paid the premium on a policy with Mutual Benefit Health and Accident Association of Omaha, Nebraska, which insured against accidental death and other benefits. Mrs. Cagle was made the beneficiary. After the death of Cagle, proofs were made, and the company paid the face of the policy, $5,000.00, to the widow.

Appellant contends that the payment of this policy constituted an advance payment of compensation under Section 6998-19(k), Code of 1942 Annotated, as follows: "If the employer has made advance payments of com-

pensation, he shall be entitled to be reimbursed out of any unpaid installment or installments of compensation due.'' He maintains that the payment of the insurance operated to discharge him from liability for any further payment of compensation.

■■■ The Workmen's Compensation Act affords the exclusive remedy as between employers and employees, except that a claimant, if the employer does not secure compensation, may elect to claim benefits under the Act or sue at law; and if the latter course is pursued the negligence of a fellow servant, assumption of risk, and contributory negligence can not be interposed as defenses. Section 6998-05, Code of 1942 Annotated.

The Commission did not approve Riddell's unorthodox method of protecting himself against liability for workmen's compensation benefits; and obviously would not have done so if it had been called on for that purpose. The policy did not purport to pay workmen's compensation benefits.

Several cases from other jurisdictions, cited by appellant, are construed by him as authority for his contention. Without going into the holdings in those cases, it is sufficient to say that they are not in point here.

Both parties cite Kennedy-Van Saun Mfg. & Eng. Corp. v. Industrial Commission, 189 N.E. 916, 355 Ill. 519, an Illinois case, which is very much in point on the question here. In that case, the employer did not obtain compensation insurance, but did procure a $5,000.00 policy ostensibly to take the place thereof; and upon the death of the employee, the proceeds were paid to the widow. The employer did not comply with the Illinois statute in much the same manner as the appellant failed to comply with our statute. It was contended in that case that the payment of the $5,000.00 to the widow discharged the liability for compensation. The court, in upholding the claim of the widow and three minor children to compensation, rejected this contention, and

said that "the satisfaction of the existing policy, by payment to Olvey's widow, did not discharge the employer's liability for the compensation claimed."

 The appellant's act in purchasing the $5,000.00 policy on the life of Cagle did not release him from liability to Cagle's widow and dependents for such benefits as they are entitled to under the Workmen's compensation Act.

Consequently it follows that the judgment of the trial court should be and is affirmed.

Affirmed and remanded.

*Roberds, P. J.,* and *Hall, Kyle* and *Holmes, JJ.,* concur.