[Civ. No. 21505. First Dist., Div. Three. April 28, 1964.]

FIREMAN'S FUND INDEMNITY COMPANY et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and LILLIAN TURCI, Respondents.

Hanna & Brophy and Albert Sennett for Petitioners.

Everett A. Corten, Robert A. Borgen and Eugene W. Doyle for Respondents.

DRAPER, P. J.— Is a compensation carrier entitled to credit for payments made to an injured employee by the employer's liability insurance carrier under the uninsured motorist clause or a medical benefits provision?

The employer's car, driven by employee Lillian Turci in the course and scope of her employment, was struck by an automobile driven by an uninsured motorist. Miss Turci was injured. The employer's car was covered by a public liability policy issued by Continental Casualty Co. That policy included the uninsured motorist coverage required by California law (Ins. Code, § 11580.2). It also contained a "medical pay" provision covering cost of treatment of injuries sustained by an occupant of the car. Continental paid Miss Turci the policy maximum coverages, $10,000 under the uninsured motorist provision, and $2,000 medical payments. Later, she was awarded $11,791.05 by respondent commission, plus repayment for self-procured medical treatment. Her compensation carrier's request for credit for the amounts paid by Continental was denied. This petition followed and we issued writ of review.

 An employer is entitled to a credit, against his liability for workmen's compensation, for sums recovered by the employee for the same injury from a third-part tortfeasor (Lab. Code, § 3861). Our first question is whether the payment of $10,000 by Continental, under its uninsured motorist coverage, is to be deemed a recovery by the employee from a third-party tortfeasor. Continental was not the insurer of the tortfeasor who caused the collision. While its policy applied only if he were at fault, it also applied only if he were himself uninsured (Ins. Code, § 11850.2). The uninsured motorist statute is to protect one lawfully using

the highway by assuring him of payment of a minimum amount of an award to him for bodily injury caused by the actionable fault of another driver (*Taylor* v. *Preferred Risk Mut. Ins. Co.*, 225 Cal.App.2d 80 [37 Cal.Rptr. 63]). But this does not make his insurer a surety in the statutory sense of one who agrees to answer for the debt, default or miscarriage of another (Civ. Code, § 2787). The insurer does not stand in the shoes of the uninsured tortfeasor (*Commissioners of the State Ins. Fund* v. *Miller*, 4 App.Div.2d 481 [166 N.Y.S.2d 777]; *Horne* v. *Superior Life Ins. Co.*, 203 Va. 282 [123 S. E.2d 401]). Although in *Taylor* we used the word "surety" in one reference to such an insurer, we did so only in the broad sense of describing one who must assure his insured of some recovery for the wrong of an uninsured motorist, without invoking the strict definition of suretyship.

■ Thus there is nothing in the uninsured motorist statute to indicate that payments under it are to be credited against compensation due an employee. On the contrary, its coverage "does not apply: . . . In any instance where it would inure directly or indirectly to the benefit of any workmen's compensation carrier" (Stats. 1959, ch. 817, p. 2836, subd. (c)(4)). We refer to the statute as it stood before the 1961 enactment because this accident occurred in February 1961, and the policy was issued within the preceding year. The 1963 amendments make our construction even clearer by providing that sums payable under uninsured motorist coverage are to be reduced by amounts paid "under any workmen's compensation law" (Ins. Code, § 11580.2, subd. (g)(1)).

■ The compensation carrier here is not entitled to a credit for the payment to the employee under the uninsured motorist provision of her employer's automobile liability policy.

The "medical pay" provision of the employer's Continental policy provided for payment of medical expenses necessitated by injury to occupants of the insured car regardless of fault. Thus this payment even more clearly is not a recovery against a third-party tortfeasor, and does not fall within section 3861.

We are aware that the payments by Continental to Miss Turci stem from the fact that her employer had procured and paid for a policy of insurance upon the employer's automobile. The compensation carrier is entitled to credit for compensation paid by the employer (Lab. Code, § 3753). But

Continental's payment was not made as compensation. It is arguable that payment was voluntary, rather than required by the uninsured motorist statute, on the basis that the statute is intended only to assure recovery of an award not otherwise realizable from insurance and, even in 1961, could be construed to effect the result made clear by the 1963 amendment, i.e., to reduce payment under that provision by sums paid as workmen's compensation. But Continental's rights are not here in issue, and we do not decide them. The sum paid under the ''medical pay'' provision is but a fortuitous result of insurance carried by the employer for purposes other than workmen's compensation. Liability for compensation is not to be reduced by ''any insurance, contribution or other benefit whatsoever'' received by the employee except as otherwise provided by statute (Lab. Code, § 3752). Since there is no provision for reduction by the payments here made to the employee, denial of credit to the compensation carrier was proper.

The compensation carrier also asserts error in the award of medical expenses incurred by the employee, asserting that the employer adequately tendered such treatment to the employee (Lab. Code, § 4600). But there is substantial evidence to support the commission's finding that there was no adequate tender.

Award affirmed.

Salsman, J., and Devine, J., concurred.

Petitioners' application for a hearing by the Supreme Court was denied June 24, 1964.