MEYERS, Plaintiff and Respondent v. MEYERS OIL COMPANY, et al., Defendants and Appellents

(216 N.W.2d 820)

(File No. 11354. Opinion filed April 4, 1975)

Davenport, Evans, Hurwitz & Smith, Ellsworth E. Evans, Sioux Falls, for defendants and appellants.

Woods, Fuller, Shultz & Smith, John E. Simko, Sioux Falls, for plaintiff and respondent.

DUNN, Justice.

The claimant, Richard Meyers, suffered injuries in a motor vehicle accident on June 18, 1966. He was an employee of his father in the Meyers Oil Company and acting within the scope of his employment at the time of the accident. The Workmen's Compensation carrier paid out $720 for temporary total incapacity through February 24, 1967; in addition insurer paid $844.88 of the doctor and hospital expenses at Mitchell out of a total bill of $6,755.02 and also paid other medical and hospital expense in the sum of $884.14 for a total of $1,733.02. In addition the carrier agreed to pay $480 for permanent partial disability.

Insurer refused to pay $5,908.14 of the doctor and hospital bill at Mitchell for the reason that the same had been paid by Federated Insurance Company, claimant's private insurer. On February 1, 1971 a petition was filed with the Industrial Commissioner asserting permanent disability and seeking the balance of the hospital and medical expense in the amount of $5,908.14 which insurer had refused to pay. The basic facts and the contentions of the parties are set out in a stipulation dated June 13, 1972. The Commissioner ruled against the employee, using the following language: "The defendant Continental Casualty Company is not obligated to reimburse claimant in the amount of $5,908.14 which amount was paid by a major medical policy held by claimant's father. There are direct subrogation rights provided for by the Workmen's Compensation Law which quite clearly indicate that the employee cannot collect from two sources for the same injury", citing SDCL 62-4-38 through 62-4-40.

The circuit court reversed the Commissioner, holding that SDCL 62-4-38 had to do only with a third party tortfeasor and did not apply to a payment made by claimant's personal insurer, citing SDCL 62-3-18. The insurance carrier has now appealed to this Court.

■ Insurer's main contention before the Industrial Commissioner, the circuit court, and before this Court was that it was not liable for the $5,908.14 because this expense was not paid by the claimant but instead was paid by his personal insurance carrier. We would hold that since accident insurance is a matter of private contract, it would not affect the rights of injured employees to recover under the compensation law. 101 C.J.S. Workmen's Compensation § 1045, p. 628 and SDCL 62-3-18. If a claimant chooses to pay the premium for personal insurance, the compensation carrier should not be the beneficiary of claimant's personal policy in the event of injury. Anderson v. Industrial Commission, 108 Utah 52, 157 P.2d 253; Fireman's Fund Indemnity Co. v. Industrial Accident Commission, 226 Cal.App. 2d 676, 38 Cal. Rptr. 336.

■ Appellant also raises issues as to whether the Commissioner made the proper findings under SDC 64.0401 for additional

medical expense over and above the initial $1,700 provided. The petition on February 1, 1970 was for the express purpose of obtaining a ruling on the balance of the doctor and hospital expenses which the Workmen's Compensation carrier had refused to pay. It had to be an application for the allowance of "additional medical, surgical and hospital services" because all of the basic benefits had already been paid and were not in issue according to the parties' stipulation. The Commissioner received evidence of the necessary additional medical and hospital expense in the amount of $5,908.14 and found claimant eligible for additional benefits up to $20,000, but denied the payment because of the erroneous belief that the subrogation statute applied.

There is no evidence to substantiate the Workmen's Compensation carrier's contention that claimant elected to secure his own doctor and hospital services at his own expense. The same doctors and hospital in Mitchell handled claimant's injuries from the time of the accident and the $5,908.14 is but a part of this total bill for services.

The judgment of the trial court is affirmed.

All the Justices concur.