PATTERSON, Chief Justice,
for the Court:
Freeman Hair was killed in a logging accident on November 16, 1979, while employed by John Wayne Hedgpeth. At the time of the accident Hair was working within the scope of his employment. The appellant, Hedgpeth, did not have insurance in compliance with the Mississippi Workmen’s Compensation Act nor was he a self-insurer within the defines of the act. Appellant had, however, procured a Key Life Insurance policy for which he paid the premiums to secure insurance for himself and his employees. It is stated in bold face at the bottom of the policy, “THIS POLICY DOES NOT EFFECT WORKMEN’S COMPENSATION. ...” The policy was in effect at the time of Freeman Hair’s death and it was stipulated that the proceeds of $5,000.00 were paid to his estate.
Lizzie Hair, widow and administratrix of deceased, filed a motion to controvert workmen’s compensation death benefits and a hearing was held whereupon the administrative judge ordered appellant to pay Lizzie Hair among other amounts, all benefits due her pursuant to Miss. Code Ann. § 71-3-25 (1972), subject to the maximum limitation. The administrative judge’s order, which was affirmed by the full commission and the circuit court, further denied appellant credit for the $5,000 paid by Key Life Insurance Company, hence this appeal.
Appellant contends that because he voluntarily purchased the policy, the payment of the insurance company constituted an advance payment of compensation within the purview of Miss. Code Ann. § 71-3-37(11), (1972), which provides, “If the employer has made advance payments of compensation, he shall be entitled to be reimbursed out of any unpaid installment or installments of compensation due.”
We are of the opinion, however, the proceeds paid by Key Life Insurance Company were not advance payments of compensation, and therefore, such credit was properly denied.
In Riddell v. Cagle’s Estate, 221 Miss. 305, 85 So.2d 926 (1956), the employer had not procured workmen’s compensation insurance or qualified as a self-insurer under the act, but had purchased an insurance policy which paid $5,000 accidental death benefits to the employee’s widow. The employer contended on appeal, as he had in the trial court, that the payment was an advance of compensation which should be credited against workmen’s compensation benefits then due in the death claim. This court, in holding the employer’s act in voluntarily purchasing the policy did not diminish his liability under the Workmen’s Compensation Act, noted, “The Commission did not approve Riddell’s unorthodox method of protecting himself against liability for workmen’s compensation benefits; and obviously would not have done so if it had been called on for that purpose. The policy did not purport to pay workmen’s compensation benefits.” 227 Miss, at 308, 85 So.2d at 927.
The appellant argues however, that Western Electric, Inc. v. Ferguson, 371 So.2d 864, 868 (Miss.1979), controls the present case because of our language wherein we stated:
Western Electric, through its pension plan, affords immediate continuity of income to an injured employee or to his dependents in the case of his death. Employers who willingly adopt this practice should be commended and encouraged rather than penalized. Employers should be permitted to claim the benefits of pay *816 ments made voluntarily. To refuse credit would inevitably cause employers to be less generous.
If. Western Electric cannot receive credit for the death benefits paid to the dependents of Ferguson in this case, it will result in employees or their dependents being penalized because employers would seek a determination of compensa-bility in order to avoid double payments for the same injury or death.
We think, however, that Western is distinguishable because it was a self-insurer under the act and its pension plan was complementary to the compensation act. In this case and contrary to Western, the appellant was neither a self-insurer nor otherwise within the act which distinguishes it from Western. We therefore affirm under the directives of Riddell.
AFFIRMED.
SUGG, P. J. and WALKER, P. J., BROOM, ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.