441 So.2d 548 (1983)
Marie BOWEN
v.
MAGIC MART OF CORINTH, MS and The London Agency, Inc.
No. 54013.
Supreme Court of Mississippi.
December 7, 1983.
James H. Mathis, Corinth, for appellant.
John S. Hill, Mitchell, McNutt, Bush, Lagrone & Sams, Tupelo, for appellee.
Before WALKER, BOWLING and PRATHER, JJ.
PRATHER, Justice, for the Court:
This workmen's compensation action is appealed here from the Circuit Court of Alcorn County. The claimant, Marie Bowen, received a compensable injury while employed with Magic Mart of Corinth, Mississippi. During the hearing on the controverted claim, the claimant Bowen, the employer Magic Mart, and its insurance compensation carrier, the London Agency, Inc., settled the claim, but with one reservation. That reservation concerned reimbursement to the claimant for medical expenses paid from a collateral source by Blue Cross Insurance Company, the claimant's personally secured and paid health and accident insurance company. That one issue was agreed to be submitted to the workmen's compensation administrative judge for decision. Both the administrative judge and the full workmen's compensation commission denied recovery of these medical benefits to the claimant, which gives rise to this appeal. We reverse the commission.
The issue here is whether the employer/carrier is entitled to credit for medical expenses of the claimant paid by a collateral source.

I.
Marie Bowen was injured in the course of her employment. Her employer refused to pay compensation and a motion to controvert was filed. A hearing was held on the merits of the claim during which a compromise settlement was agreed upon by the parties.
Between the time of the injury and that settlement, claimant incurred medical expenses of $2,888.87. Since the employer had denied liability and had not furnished claimant with any temporary benefits, she filed a claim with Blue Cross under a medical insurance policy which she owned personally and for which she paid the premiums. Upon that claim Blue Cross partially paid the claimant's hospital and drug bills in the total amount of $1,965.43, leaving $923.44 unpaid.
Before the settlement was agreed upon, the employer discovered that claimant's drug and hospital bills had been partially paid by Blue Cross. However, the employer refused to agree to pay the amount already paid for claimant by Blue Cross. The settlement called for a cash payment of $2,500 and a reimbursement of unpaid medical expenses of $923.44 totalling $3,423.44.
The settlement order excluded from the settlement:

Any claim of Blue Cross Insurance for medical expenses paid by said insurance company. The employer and carrier's liability for any medical expenses paid by *549 persons other than the claimant shall be determined by this commission. (Emphasis added).
A hearing was held at which it was the employer's position that no further claims existed since the only claim excluded in the settlement was any claim by Blue Cross for medical expenses paid by that company. The claimant testified that at the time of her injury she had in effect a private policy of insurance with Blue Cross and Blue Shield on which she paid the premiums. Blue Cross was not represented at this hearing.

II.
Should the employer and insurance carrier be allowed credit for the $1,965.43 of claimant's total medical expenses? The employer actually agreed to pay the $923.44 that the Blue Cross Insurance did not cover; the issue here relates only to that portion paid by Blue Cross Insurance as a collateral source.
Mississippi Code Annotated section 71-3-15 (1972) (Supp. 1983) states that:
The employer shall furnish such medical surgical, and other attendance or treatment, nurse and hospital service, medical crutches, artificial members, and other apparatus for such period as the nature of the injury or the process of recovery may require.
A general rule with respect to this issue may be found at 100 C.J.S. Workmen's Compensation § 391 (1958), wherein it is stated that:
[T]he payment of benefits from a source or fund not intended to be in lieu of compensation under a workmen's compensation act does not waive the right to such compensation.
(Id. at 160).
Further, at 4 Larson's Workmen's Compensation Law § 97.51 (1982) it is stated:
As to private pensions or health and accident insurance, whether provided by the employer, union, or the individual's own purchase, there is ordinarily no occasion for the reduction of compensation benefits.
(Id. at 18-50) (Emphasis added).
Case law overwhelmingly supports the proposition that the employer should not be allowed to a credit for medical expenses reimbursed to the employee by another source. In Riddell Jr. v. Estate of Cagle, 227 Miss. 305, 85 So.2d 926 (1956) this Court held that a payment of $5,000 from a life insurance policy did not release the employer from liability to the employee's widow and dependents under the Workmen's Compensation Act.
In Pet, Incorporated, Dairy Division v. Roberson, 329 So.2d 516 (Miss. 1976), this Court held that the employer was not entitled to credit for sick pay paid to the employer since the sick pay was not salary in lieu of compensation, but was money claimant was entitled to based upon his past services.
In Southwestern Bell Telephone v. Siegler, 240 Ark. 132, 398 S.W.2d 531 (1966), the Arkansas Supreme Court would not allow a reduction of compensation since the payments the employee had received was through a unilateral pension plan which was considered a benefit and not an advance payment of compensation.
The Supreme Court of North Carolina in Ashe v. Barnes 255 N.C. 310, 121 S.E.2d 549 (1961) held that payments made to an employee under an accident policy taken out by the employer on each employee was, "in the nature of a `fringe benefit', such as life insurance, on and off the job sickness or accident insurance, annual leave, etc., which many employers furnish their employees as part of the terms of employment." (Id. at 311, 121 S.E.2d at 550.)
Quoting from Alabam Freight Lines v. Chateau, 57 Ariz. 378, 114 P.2d 233 (1941) the North Carolina Court said that:
[T]he proceeds from the accident insurance policy should not be credited against the award in favor of the employee as compensation for his lost time, even though the employer paid all of the premiums for the insurance. The Court further said: "There was no connection, as a *550 matter of law, between the amount which he was entitled to under the accident insurance policy and the amount which was due him as an award under the workmen's compensation law. By the terms of that award, (the employer) was required to pay a fixed sum for compensation, and also the necessary medical expenses. It was also provided that any sums which had been paid previously on either the compensation or the medical expenses might be deducted from the award. All of the medical expenses having been paid by (the employer) under its contract with (the employee), the latter had no further claim under the award against (the employer) for medical expenses. But he did have a right to recover from (the employer) the award of compensation, for the amount paid him under his accident policy was not, and could not be, a payment on the award. The one rested upon the workmen's compensation law and the other upon a contract between (the employer) and the insurance company for the benefit of (the employee)." Ashe v. Barns, 225 N.C. at 314, 121 S.E.2d at 549; Alabam Freight Lines v. Chateau, 57 Ariz. at 382, 114 P.2d at 235.
Perhaps the case most comparable with the case sub judice is Meyers v. Meyers Oil Co., 88 S.D. 166, 216 N.W.2d 820 (1974). In Meyers, the claimant was an employee of his father's oil company and while within the scope of his employment he suffered injuries as a result of an automobile accident. The workmen's compensation insurance carrier refused to pay $5,908.14 of the claimant's doctor and hospital bill because the same had been paid by the claimant's private insurer. With respect to the claimant's demand for workmen's compensation, the Court held:
The insurer's main contention before the industrial Commissioner, the circuit court, and before this Court was that it was not liable for the $5,908.14 because this expense was not paid by the claimant but instead was paid by his personal insurance carrier. We would hold that since accident insurance is a matter of private contract, it would not affect the rights of injured employees to recover under the compensation law. 101 C.J.S. Workmen's Compensation § 1045, p. 628 and SDCL 62-3-18. If a claimant chooses to pay the premium for personal insurance, the compensation carrier should not be the beneficiary of claimant's personal policy in the event of injury. Anderson v. Industrial Commission, 108 Utah 52, 157 P.2d 253; Fireman's Fund Indemnity Co. v. Industrial Accident Commission, 226 Cal. App.2d 676, 38 Cal. Rptr. 336.

Id. 216 N.W.2d at 821.
We agree with these cases and hold that the claimant, Bowen, is entitled to recover the $1,965.43 which her employer refused to pay. The Blue Cross policy was not intended to be in lieu of compensation under the Workmen's Compensation Act. That policy was a contract between claimant and Blue Cross to which her employer had no privity. The employer cannot be allowed to derive a benefit under a health and accident insurance policy bought and paid for by the employee  claimant.
Further, the claimant is entitled to the ten percent penalty provided for in section 71-3-37 of the Mississippi Code.
REVERSED AND REMANDED FOR PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.
PATTERSON, C.J., WALKER and BROOM, P. JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and ROBERTSON, JJ., concur.