#27116-a-GAS
**2015 S.D. 18**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

RUDOLF MILBRANDT,          Claimant and Appellee,

    v.

BIBB'S, INC.,          Employer and Appellant,

    and

DAKOTA TRUCK
UNDERWRITERS,

    and

RISK ADMINISTRATION
SERVICES, INC.,          Insurers and Appellants.

**\* \* \* \***

APPEAL FROM THE CIRCUIT COURT OF
THE SIXTH JUDICIAL CIRCUIT
HUGHES COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE MARK BARNETT
Judge

\* \* \* \*

GLENN J. BOOMSMA of
Breit Law Office, PC
Sioux Falls, South Dakota          Attorneys for appellee.

CHARLES A. LARSON of
Boyce, Greenfield, Pashby &
  Welk, LLP
Sioux Falls, South Dakota          Attorneys for appellants.

\* \* \* \*

CONSIDERED ON BRIEFS
ON JANUARY 12, 2015
OPINION FILED **04/01/15**

#27116

SEVERSON, Justice

[¶1.]     Milbrandt was injured in an automobile accident during his course of employment for Bibbs, Inc. (Employer). Milbrandt settled a claim against the other driver involved in the accident. Milbrandt used part of the settlement proceeds to repay workers' compensation benefits already paid by Employer. The remaining amount of his settlement, after costs, was determined to be "like damages" for which Employer would receive an offset against future medical expenses related to the work injury. After the settlement, Milbrandt submitted bills for ongoing care related to the work injury to other insurers, which paid most of the bills. Employer denies that the amounts paid by insurance can be used to reduce the offset against future medical expenses. An administrative law judge and the circuit court held that those amounts are properly used to reduce the offset. Employer and its Insurer appeal. We affirm.

## Background

[¶2.]     On May 30, 2007, Milbrandt was involved in an automobile accident during the course of his employment. He was employed as a truck driver and was forced off the road by another driver, sustaining injuries to his head, chest, neck, left shoulder, and right hip. Employer and Dakota Truck Underwriters (Insurer) accepted the injuries as compensable and paid workers' compensation benefits. In 2009, Milbrandt negotiated a settlement with the third-party tortfeasor who forced him off the road in 2007. The gross settlement equaled $160,000. From that settlement, Milbrandt reimbursed Insurer for the workers' compensation benefits already paid out at the time of the settlement. He also deducted attorney's fees,

-1-

sales tax, and costs, which resulted in a net recovery of $73,541.32. The parties agree that this amount constitutes "like damages" for which Employer and Insurer are entitled to a future offset, under SDCL 62-4-38, against amounts they would otherwise pay to cover Milbrandt's medical expenses related to the work accident.

[¶3.] Since his settlement, Milbrandt's right hip needed replacement, and he incurred $64,123.12 in medical expenses as a result of the work injury. Most of those costs were paid for by Medicare and Blue Cross Blue Shield supplemental insurance carried independently by Milbrandt. Although initially denied by Employer and Insurer, the costs of the surgery and care were ultimately accepted by them as compensable after an independent medical examination.

[¶4.] On June 21, 2012, Milbrandt filed a petition requesting workers' compensation benefits. Employer and Insurer denied benefits, alleging that Milbrandt must personally pay any otherwise compensable expenses up to $73,541.32. Milbrandt's costs have been largely covered by collateral sources including Medicare and health insurance; therefore, Employer asserts that those amounts do not count toward reducing the offset and that Employer is not yet liable for benefits. Both an administrative law judge and the circuit court held that medical expenses paid by his insurance reduce the statutory offset even though Milbrandt is not personally paying those costs with the settlement award. Employer and Insurer now appeal raising the following issue:

> *Whether monies paid by health insurance, and not Claimant, can be applied to the offset in SDCL 62-4-38.*

#27116

## Standard of Review

[¶5.]    Our standard of review of administrative decisions is governed by SDCL 1-26-37.  The parties do not dispute any facts in this case, only the administration's interpretation of SDCL 62-4-38.  Conclusions of law are reviewed de novo.  *Miller v. Lake Area Hosp.*, 1996 S.D. 89, ¶ 9, 551 N.W.2d 817, 819.  Thus, we review the administrative agency's interpretation of SDCL 62-4-38 de novo.

## Analysis

[¶6.]    The issue before us is one of first impression for this Court.  We have not previously addressed whether monies from collateral sources may be used to reduce the statutory offset in SDCL 62-4-38.  Under South Dakota's workers' compensation provisions, employers are liable for certain medical treatment required as a result of a compensable work injury.  SDCL Title 62.  When a third party is responsible for the injury an employee receives in the course of employment, the employee has the option to recover from the employer, the tortfeasor, or both.  SDCL 62-4-38.  SDCL 62-4-38 provides:

> If an injury for which compensation is payable under this title has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may, at the employee's option, either claim compensation or proceed at law against such other person to recover damages or proceed against both the employer and such other person.  *However, in the event the injured employee recovers any like damages from such other person, the recovered damages shall be an offset against any workers' compensation which the employee would otherwise have been entitled to receive.*

(Emphasis added.)  If the employee elects to proceed against both and recovers from the tortfeasor, the employer receives an offset for future benefits that the employee

-3-

would otherwise be entitled to receive.  This ensures that the party at fault pays for injuries caused.[1]  Further, "[w]e have suggested in the past that SDCL 62-4-38 is indicative of 'South Dakota's public policy of avoiding duplicate recovery for the same injury.'"  *Andreson v. Brink Elec. Constr. Co.*, 1997 S.D. 104, ¶ 7, 568 N.W.2d 290, 292 (quoting *Nat'l Farmers Union Prop. & Cas. Co. v. Bang*, 516 N.W.2d 313, 321 (S.D. 1994)).

[¶7.]        Employer and Insurer assert that the language of SDCL 62-4-38 is unambiguous and that the "offset" is not simply an amount that they receive credit for; instead, they argue, the "recovered damages" the employee receives from the tortfeasor must be used to pay workers' compensation that "the employee would otherwise have been entitled to receive."  Thus, according to Appellants, SDCL 62-4-38 imposes an affirmative obligation on an employee to expend any "recovered damages" on future compensable injuries.  Therefore, Appellants contend, Milbrandt would need to reimburse his insurers for the amounts that they have paid before he can claim that he has exhausted any amount of the offset.  We disagree; Appellants interpret the statute too narrowly.

[¶8.]        Unless defined or explained, words used in statutes "are to be understood in their ordinary sense[.]"  SDCL 2-14-1.  Title 62 does not define offset.  "Offset," as a noun, is defined as "[s]omething (such as an amount or claim) that balances or compensates for something else[.]"  *Black's Law Dictionary* 1259 (10th ed. 2014).  Recovered damages constitute an amount that compensates for the fact

---

1.        *See* Arthur Larson, *Larson's Workers' Compensation Law*, § 110.01, 110-2 (2010).  "The concept underlying third party actions is the moral idea that the ultimate loss from wrongdoing should fall upon the wrongdoer."

that a tortfeasor is at fault and primarily liable for the awarded amount. However, SDCL 62-4-38 does not require a claimant to use those exact funds to pay for expenses when he has independently contracted to minimize his risk through other insurers. The statute does not say "the recovered damages shall be expended on compensable injuries," only that they "shall be an offset." In other words, the statute provides a credit to the Employer. It does not, as Employer asserts, "specifically address[ ] what monies must be used to reduce the offset amount[.]" Further, it does not impose a restriction on how a Claimant may pay for expenses incurred; it simply ensures that an Employer is not paying an amount for which a tortfeasor has been deemed legally liable.

[¶9.]        Because the recovered damages do not constitute a specific fund that needs to be expended, but rather provide an amount for which Employer is not liable, we next consider what properly reduces the offset. SDCL 62-4-38 provides that "the recovered damages shall be an offset against any workers' compensation *which the employee would otherwise have been entitled to receive.*" (Emphasis added.) To address what the offset is applied against, the statute focuses on the amount the employee would "have been entitled to *receive.*" *Id.* If Claimant's medical treatment is compensable, then he is entitled to receive compensation for such expenses paid—reduced by the offset. SDCL 62-4-1; SDCL 62-4-38. Therefore, because Milbrandt's expenses constitute amounts which he would have been entitled to receive, those expenses are properly considered to reduce the offset regardless of how they were ultimately paid. It is not, as Appellants assert, the

"recovered damages" which reduce the offset. The statute makes no provision or exception for expenses covered by insurance.

[¶10.] Similarly, in *Meyers v. Meyers Oil Co.*, an employer argued that it should not have to pay workers' compensation benefits because they had already been paid by a private insurer. 88 S.D. 166, 168, 216 N.W.2d 820, 820-21 (1974). Although *Meyers* did not deal with third-party responsibility for a work injury, our approach in that case is instructive here.[2] We stated that "accident insurance is a matter of private contract[;] it [does] not affect the rights of injured employees to recover under the compensation law." *Id.* at 168, 216 N.W.2d at 821. Further, "[i]f a claimant chooses to pay the premium for personal insurance, the compensation carrier should not be the beneficiary of claimant's personal policy in the event of injury." *Id.* Likewise, Alaska's Supreme Court, when facing this question, expressed the same concerns. In construing its offset statute, the court noted that "refusing a credit offset for amounts paid by collateral sources would allow [employer] not only to 'share' in [employee's] recovery, but to receive a windfall. [Employer] has already recovered a . . . credit from [employee's] tort award, but [refusing a credit offset] would have [employer] also benefit from [employee's] collateral sources." *Berger v. Wien Air Alaska*, 995 P.2d 240, 243 (Alaska 2000). The court further explained that "refusal to offset [employer's] credit . . . would

---

2. Employer points out that since *Meyers* was decided, the Legislature has enacted SDCL 62-1-1.3. SDCL 62-1-1.3 creates a presumption that a denied claim is a "nonwork related" injury for other insurance purposes. If the injury is later determined to be compensable, the employer must reimburse parties not liable for payments made. Although the Legislature has addressed scenarios such as *Meyers*, the underlying rationale and policy concerns that we addressed at the time are still relevant.

alleviate [employer's] obligation to pay workers' compensation. [Employer] should not receive a windfall simply because [employee] was able to obtain care through collateral sources[.]" *Id.*

[¶11.] Employer claims that it is foreseeable that Milbrandt's insurers will seek repayment directly from Employer, contrary to the purpose of SDCL 62-4-38. The department relied on SDCL 62-1-1.3 to hold that an element of subrogation has been injected into the workers' compensation laws.[3] SDCL 62-1-1.3 states:

> If an employer denies coverage of a claim for any reason under this Title or any reason permissible under Title 58, such injury is presumed to be nonwork related for other insurance purposes, and any other insurer covering bodily injury or disease of the injured employee shall pay according to the policy provisions. If coverage is denied by an insurer without a full explanation of the basis in the insurance policy in relation to the facts or applicable law for denial, the director of the Division of Insurance may determine such denial to be an unfair practice under chapter 58-33. *If it is later determined that the injury is compensable under this Title, the employer shall immediately reimburse the parties not liable for all payments made, including interest at the category B rate specified in § 54-3-16.*

(Emphasis added.) However, this statute must be read in conjunction with SDCL 62-4-38. Although the injury was denied and then later found compensable, $73,541.32 of any expenses incurred by Milbrandt, and paid by insurers, is not compensable by virtue of the offset. Milbrandt has no compensable claim against Employer until $73,541.32 of otherwise compensable expenses has been paid. Milbrandt's insurers may not directly recover that amount under SDCL 62-1-1.3.

---

3. The issue of whether Medicare or Milbrandt's insurance have a lien or may subrogate against him is not an issue in this case.

## Conclusion

[¶12.] Milbrandt is entitled to receive workers' compensation for work-related injuries, but the amount he is entitled to receive is reduced by the amount recovered from the tortfeasor. Although Milbrandt's insurance paid medical bills resulting from his compensable injury, those payments are properly considered to reduce the offset in SDCL 62-4-38 because Milbrandt would otherwise be entitled to receive compensation for those expenses. We affirm.

[¶13.] GILBERTSON, Chief Justice, ZINTER and WILBUR, Justices, and KONENKAMP, Retired Justice, concur.

[¶14.] KERN, Justice, not having been a member of the Court at the time this action was assigned to the Court, did not participate.