The **TRAVELERS INDEMNITY COMPANY and the Fidelity and Casualty Company of New York, Plaintiffs,**

v.

**MICHIGAN MUTUAL LIABILITY COMPANY, Robert F. Lawhorne, and Clarence George, Jr., Defendants.**

**Civ. No. 66–C–5–L.**

United States District Court
W. D. Virginia,
Lynchburg Division.

Sept. 1, 1966.

S. J. Thompson, Jr., Caskie, Frost, Davidson & Watts, Lynchburg, Va., for Travelers Indemnity Co.

Norman K. Moon, Williams, Robertson & Sackett, Lynchburg, Va., for Fidelity & Casualty Co. of New York.

R. W. Duling, Wicker, Baker & Goddin, Richmond, Va., for Michigan Mutual Liability Co.

Shuler A. Kizer, Kizer, Hess & Robey, Buena Vista, Va., for State Farm.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW.

BARKSDALE, District Judge.

This action came on for hearing on July 29, 1966, a stipulation of agreement of facts was filed, evidence was taken, oral argument of counsel was heard, and the court at that time not being advised of its judgment, took time to consider. Thereafter, requested finding of fact, conclusions of law, and briefs of counsel for all corporate parties hereto, have been filed and considered by the court.

The court being now fully advised of its judgment, doth hereby find the facts specially and states separately its conclusions of law thereon, pursuant to Rule 52(a), F.R.Civ.P., as follows:

### FINDINGS OF FACT.

(1) The corporate parties herein, The Travelers Indemnity Company, a Connecticut corporation, The Fidelity and Casualty Company of New York, a New York corporation, and Michigan Mutual Liability Company, a Michigan corporation, are all insurers licensed to do business in Virginia.

(2) The Fidelity and Casualty Company of New York issued its policy of automobile liability insurance to defendant, Robert Franklin Lawhorne, covering a 1960 Mercury automobile, effective from May 2, 1964 to May 2, 1965. The Travelers Indemnity Company issued its policy of automobile liability insurance to defendant, Clarence George and wife, covering a 1958 Ford automobile, effective from April 12, 1964 to April 12, 1965. Both these policies were in force on October 29, 1964, and each afforded "Uninsured Motorist Coverage" as required by the Virginia Uninsured Motorist Law (Sec. 38.1–381, Code of Virginia).

(3) Michigan Mutual Liability Company issued and delivered to United Insurance Company of America of Chicago and others, as named insureds, a comprehensive automobile liability policy effective from January 1, 1964 to January 4, 1965. This policy is a fleet type policy insuring numerous motor vehicles owned or hired by United Insurance Company, for the use of, and used by, its agents in many states including Virginia. On the inception date of the policy, all additional automobiles acquired by United Insurance Company by lease or purchase and delivered to their agents for use, were automatically covered by the Michigan Mutual policy. By periodic audits, Michigan Mutual learned of additional automobiles acquired by United Insurance Company and delivered to its agents for use, and charged United an additional premium based upon the date of delivery of said automobiles. In such an audit, Michigan Mutual learned that a 1965 Ford automobile had been delivered to George at Buena Vista, Virginia, for his use as an agent for United in Virginia, on October 29, 1965. When the 1965 Ford was delivered to George, a book of instructions was also issued to him advising that the 1965 Ford was covered by Michigan Mutual's policy, and an identification card, bearing the signature of the President and Secretary of Michigan Mutual, and the policy number of the Michigan Mutual policy showing the expiration date of the policy, January 1, 1965, was also delivered to George. From the time of the delivery of this policy to George on October 29, 1964, this automobile was always garaged and used in Virginia.

(4) Michigan Mutual's comprehensive fleet type policy effective January 1, 1965, shows that, in addition to premiums charged for public liability coverage (bodily injury, property damage, etc.), it charged a premium of $819.00 for "Uninsured Motorist Coverage" with limits of 10,000/20,000 dollars. Michigan Mutual's "Automobile Audit Summary. Schedule of Equipment, Additions and Deletions" shows under "Additions", as of 10/29/64, a "1965 Ford, Buena Vista, Va., C. George", and shows that additional premiums were charged on this automobile for coverage of liability for bodily injury, property damages, etc., as well as "U. M.", with limits of "15/30/5", which are the required limits under the Virginia Uninsured Motorist law.

(5) On December 3, 1964, both defendants Lawhorne and George, were employees of United Insurance Company and lived and worked in the Buena Vista, Virginia, area. On that date, December 3, 1964, while Lawhorne was driving the 1965 Ford, with the permission of George who was riding with him, they were involved in an accident in Amherst County, Virginia, which they assert was caused by the negligence of an unidentified motorist. Both Law-

horne and George have filed suits in the Circuit Court of Amherst County, Virginia, against the uninsured motorist pursuant to the Virginia Uninsured Motorist Law, and process has been served upon Fidelity and Casualty Company of New York and Michigan Mutual in the Lawhorne case, and upon Travelers and Michigan Mutual in the George case. Further prosecution of these actions has been stayed by order of this court pending an adjudication herein.

(6) Attached to, as a part of Michigan Mutual's policy, is endorsement "S–270" entitled "FAMILY PROTECTION AGAINST UNINSURED MOTORISTS". Included in this endorsement, under the title "INSURING AGREEMENTS", there are, amongst others, the following:

"I. Damages for Bodily Injury and Property Damage Caused by Uninsured Automobiles,

"To pay, in accordance with Section 38.1–381 of the Code of Virginia, * * * all sums which the Insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of: "bodily injury and property damage; "caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile."

"II. *Definitions.* (a) *Insured.* The unqualified word 'Insured' means: (1) the named insured; (2) any person while occupying an insured automobile; * * * (b) *Insured Automobile.* The term 'insured automobile' means: (1) an automobile owned by the named Insured and registered in Virginia; (2) any automobile owned by the named Insured to which is attached Virginia dealers' license plates issued to the named Insured; * * *."

Although it collected a premium for Uninsured Motorist coverage on the 1965 Ford, Michigan Mutual contends that this endorsement affords no such coverage, because the automobile was not owned by United Insurance Company, and neither registered in Virginia nor did it have Virginia license plates attached.

(7) The inclusion of the 1965 Ford automobile within the coverage of Michigan Mutual's policy issued to United Insurance Company, by its periodic audit, the issuance on October 29, 1964, to George of Michigan Mutual's instruction book advising that the 1965 Ford was covered by Michigan Mutual's policy, and the identification card bearing the signature of the President and Secretary of Michigan Mutual and the policy number of United Insurance Company's policy showing the expiration date of the policy, January 1, 1965, constituted the issuance and delivery by Michigan Mutual of its insurance policy covering the 1965 Ford delivered to George, it being "then principally garaged" and "principally used in this state".

(8) Both the Fidelity and Casualty's and the Travelers Indemnity Company's uninsured motorist endorsements on their policies issued to Lawhorne and George provide that the coverage therein provided for non-owned automobiles is excess insurance over such other insurance applicable as primary insurance to such non-owned automobiles.

(9) On January 1, 1964, the inception date of Michigan Mutual Liability Company's policy, and on January 15, 1964, the date the policy was issued to United Insurance Company of America, there were automobiles principally garaged and principally used in Virginia, which were insured under this policy, coverage being afforded subject to the terms and conditions of the policy.

### CONCLUSIONS OF LAW.

From the facts found, my conclusions of law are as follows:

Since I have found as a fact that the inclusion of the 1965 Ford automobile within the coverage of Michigan Mutual's policy issued to United Insurance Company, by its periodic audit, the issuance on October 29, 1964, to George of Michigan Mutual's instruction book advising that the 1965 Ford was covered by

Michigan Mutual's policy, and the identification card bearing the signature of the President and Secretary of Michigan Mutual and the policy number of United Insurance Company's policy showing the expiration date of the policy, January 1, 1965, constituted the issuance and delivery by Michigan Mutual of its insurance policy covering the 1965 Ford delivered to George, it being "then principally garaged" and "principally used in this state". I conclude that Michigan Mutual Liability Company's policy of insurance issued to United Insurance Company is subject to the provisions of Section 38.1–381 of the Code of Virginia, and that Michigan Mutual Liability Company is obligated and bound to provide Uninsured Motorist Coverage to defendants Robert F. Lawhorne and Clarence George, Jr., as provided in Section 38.1–381.

I further conclude that the insurance policy issued by The Fidelity and Casualty Company of New York to defendant Lawhorne, and the insurance policy issued by The Travelers Indemnity Company to defendant George, provide excess coverage only, and that The Fidelity and Casualty Company of New York and The Travelers Indemnity Company are only secondarily liable to said Lawhorne and George for any sums which they may recover in excess of the coverage afforded to them by defendant, Michigan Mutual Liability Company.

It might well be that endorsement "S–270" "FAMILY PROTECTION AGAINST UNINSURED MOTORISTS" attached to and made a part of Michigan Mutual Liability Company's policy, and the collection of premiums for Uninsured Motorist Coverage should be construed to afford Uninsured Motorist Coverage to Lawhorne and George as "legal representatives" of United Insurance Company, the named insured, under the provisions of the First Insuring Agreement of the endorsement, even though the 1965 Ford does not come within the definition of "Insured Automobile". However, I make no conclusion of law as to this, because such a conclusion is un-

necessary to the decision of this case, as I am satisfied that Michigan Mutual Liability Company is bound to provide such coverage by the terms of the Virginia statute.