557 So.2d 989 (1990)
Kathleen CUCCIA
v.
Sandra CLARK, et al.
No. 89-CA-0699.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 1990.
*990 Jeffrey J. Goodwyne, Chalmette, for plaintiff.
Michael H. Hogg, New Orleans, for defendant.
Before KLEES, WARD and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Plaintiffs, Kathleen and Anthony Cuccia, appeal the trial court's judgment granting defendant's, Interstate Fire and Casualty Company, Motion for Summary Judgment and dismissing their claim against Interstate with costs.
Plaintiff, Kathleen Cuccia, filed suit for injuries resulting from an automobile accident that occurred on May 10, 1987. Mrs. Cuccia alleges that her vehicle was struck in the rear by a vehicle being driven by Sandra Clark, also known as Sandra Grant. Defendant Interstate, has been sued in its capacity as the excess UM carrier for Mrs. Cuccia.
Interstate filed a Motion for Summary Judgment contending that it did not provide any UM coverage to Mrs. Cuccia. In support of Interstate's motion, Interstate submitted exhibits and an Affidavit of Meredith Oufnac, office manager of United Southern Underwriters, Inc. which clearly show that Interstate did not provide UM coverage to Mrs. Cuccia.
On February 23, 1989, the trial court rendered judgment in favor of Interstate's motion for summary judgment dismissing Mrs. Cuccia's demands against Interstate at Mrs. Cuccia's cost. In its reasons for judgment the trial court wrote:
The policy contains a separate waiver of uninsured/underinsured coverage signed by Anthony Cuccia, and the policy indicates no premiums were charged, or paid for such coverage.
No question of material fact exists as to the extent of coverage Kathleen Cuccia had from Interstate Fire and Casualty and Interstate Fire and Casualty is entitled to judgment as a matter of law.
Mrs. Cuccia appealed this judgment suspensively.
Mrs. Cuccia argues that she did not have knowledge that she waived UM coverage on the Interstate policy. She attacks the policy as confusing and misleading. She claims the language "I do not want additional Uninsured/Underinsured Motorist coverage," could mean that the buyer does not want coverage above the excess policy the insured is buying. She argues that the implication is that the insured already is buying UM coverage.
Furthermore, Mrs. Cuccia seems to assert that the purported waiver is not a legitimate document. She states that although it was accompanied by an affidavit from Meredith Oufnac to authenticate it, Ms. Oufnac does not name witnesses to its signing. The document is not dated nor does it bear a policy number. Mrs. Cuccia submitted an affidavit from her husband who purchased the policy from Interstate. He states that he does not know or has never seen anyone by the name of Meredith Oufnac in connection with obtaining said policies and; that he does not remember signing any waiver of UM coverage; and if he did in fact sign a purported waiver, he does not remember the date that he signed the document; and that when he obtained his policy from Interstate, there was no document which purported to be a waiver of UM coverage attached thereto.
Due to her assertions, whether Mrs. Cuccia reasonably believed she had UM coverage becomes an issue in this case. One strong indicator of reasonablness is whether Mrs. Cuccia paid for UM coverage or whether she was charged for UM coverage. It was not error for the trial court to consider this issue.
*991 The court has always had wide discretion in considering facts in Motions for Summary Judgment. If Interstate had a valid UM rejection, but then charged Mrs. Cuccia for that coverage, the court would have likely found UM coverage despite a valid rejection. The court's ruling merely indicates there was a valid UM rejection and no premiums were charged.
Whether the waiver is valid must be considered in light of the statutory law which was in effect at the time of the accident. Mrs. Cuccia insists that La. R.S. 22:628 and 22:1406(D)(1)(a) are applicable. She argues that a reading of these statutes suggest that the waiver is invalid because it did not conform to the requirements mandated in the statutes; namely that it was not signed by the insured and incorporated into the policy, either attached thereto or issued and delivered with the policy. Mrs. Cuccia cites Jordan v. Honea, 407 So.2d 503 (La. App. 1st Cir.1981) as precedent on this issue.
The court in Jordan applied R.S. 22:628 because the UM statute at that time did not have formal requirements for UM rejection; however this is no longer the case. The most recent amended version of the statute, R.S. 22:1406(D)(1)(a)(i) and (ii), came into effect on September 1, 1987, after the May 10, 1987 accident date. However, the current version is similar to the September 9, 1977 statute except that insurers are required to use their own forms. Clearly, an insurer need only obtain the rejection pursuant to R.S. 22:1406(D)(1)(a) and that an effective rejection neither need be attached to the policy nor dated. The focus should be on the validity of the UM rejection and its validity cannot be challenged on either lack of attachment to the policy or lack of a date.
Nevertheless, the application which contains the UM options is a one page double-sided form and the front clearly shows a policy period of June 12, 1986 through June 12, 1987. The application for insurance is merely continued on the reverse side of the form and the date on the front would be applicable as to the entire form.
The language of Option 3 constitutes a clear and unequivocal rejection of UM coverage and the form read as a whole gives the three UM options as required by the statute which was in effect at the time of the accident. These choices are: UM coverage equal to bodily injury limits in the policy; UM coverage lower than bodily injury limits in the policy; no UM coverage. See: La. R.S. 22:1406(D)(1)(a).
Mr. Cuccia does not recall executing the UM waiver but interestingly he does not deny his signature. Mr. Cuccia's primary policy is with Champion Insurance Company (Champion). Mr. Cuccia's policy with Champion has options similar to those of Interstate and Mr. Cuccia seems to have understood his UM choice then. Mr. Cuccia does not contend that he had more than one Interstate policy and thus common sense dictates the rejection can only apply to this policy. Further, the policy would not have been issued until after the application was approved by Interstate and thus, no policy number would have been available until after approval.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.