■ DANIEL KRIEG et al., Appellants, v STATE OF NEW YORK, Respondent.—Casey, J. Appeal from an order of the Court of Claims (Lyons, J.), entered August 16, 1991, which denied claimants' motion to dismiss the State's defense concerning the limit of its liability to claimants.

Claimant Daniel Krieg alleges that he was driving a vehicle owned by his employer, the State, when it was involved in an accident in the Town of New Baltimore, Greene County, with a vehicle that is alleged to be uninsured. Claimants contend that Krieg sustained serious injury (Insurance Law § 5102 [d]) and economic loss greater than basic economic loss (Insurance Law § 5102 [a]). In its answer, the State affirmatively asserted that as a self-insurer it was required to maintain "uninsured motorist coverage not exceeding the maximum amount or limit set forth on account of injury in Insurance Law § 3420, (f) (1)". Claimants moved to dismiss this affirmative defense, contending that the State was obligated to provide unlimited uninsured motorist coverage. The Court of Claims denied claimants' motion and claimants appeal.

Public policy requires maintenance of uninsured motorist coverage by self-insureds (see, Matter of State Farm Mut. Auto. Ins. Co. v Amato, 72 NY2d 288, 293) and the State concedes that it is so obligated. Contrary to claimants' argument, however, that the coverage provided by the State as a self-insured is unlimited, the Court of Appeals has clearly indicated that the legislative history and public policy impose obligations upon self-insureds that are coextensive with other insureds (supra, at 294). Accordingly, the order of the Court of Claims should be affirmed.

Weiss, P. J., Yesawich Jr., Mahoney and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.