NATIONAL FARMERS UNION PROPERTY & CASUALTY COMPANY, a Colorado corporation, Plaintiff and Appellee,

v.

Sookie S. BANG and American Concept Insurance Company, a South Dakota insurance company, Defendants and Appellants,

and

Michael L. Bergstresser, John M. Ligtenberg, U.S. West Communications, a Colorado corporation, and Horace Mann Service Corp., an Illinois corporation, Defendants and Appellees,

and

Brenda J. Carroll, Defendant.

Nos. 18173, 18194, 18195.

Supreme Court of South Dakota.

Argued Aug. 31, 1993.

Decided May 18, 1994.

Steven J. Helmers, of Lynn, Jackson, Shultz & Lebrun, Rapid City, for appellee

National Farmers Union Property & Cas. Co.

Ronald R. Kappelman, Rapid City, for appellants.

Kenneth E. Barker and Brad A. Schrieber of Quinn, Eiesland, Day & Barker, Belle Fourche, for appellee Michael L. Bergstresser.

Talbot J. Wieczorek and G. Verne Goodsell of Gunderson, Palmer, Goodsell & Nelson, Rapid City, for appellees John M. Ligtenberg and Horace Mann Serv. Corp.

Lon J. Kouri and Martin Oyos of May, Johnson, Doyle & Becker, Sioux Falls, for appellee U.S. West Communications.

MILLER, Chief Justice.

This is an appeal from a declaratory judgment finding:

1) A self-insured entity is required to provide uninsured motorist coverage;

2) A self-insured entity's uninsured motorist coverage limit is $100,000;

3) A vehicle owner is the primary uninsured carrier;

4) Both a self-insured employer and personal UIM carrier are entitled to offsets for worker's compensation benefits paid.

We affirm in part and reverse in part.

## FACTS

Michael J. Bergstresser was involved in three automobile accidents which, he alleges, cumulatively caused him serious personal injury. This declaratory judgment action arises out of the second accident in which Bergstresser, presumably in the course of his employment, was driving a vehicle belonging to his employer, U.S. West Communications (U.S. West), when he was allegedly struck by a vehicle operated by Brenda J. Carroll, an uninsured driver. The drivers of the automobiles involved in all three accidents, John M. Ligtenberg, Brenda J. Carroll, and Sookie S. Bang, are defendants in this action, along with U.S. West and Bergstresser's personal uninsured motorist carrier, National Farmers Union Property & Casualty Company (National Farmers).

U.S. West is self-insured for both worker's compensation and automobile liability insurance. Bergstresser's automobile policy with National Farmers provided uninsured motorist coverage (UIM) up to a limit of $100,000 per person.

National Farmers instituted this action to ascertain the extent of its coverage under Bergstresser's policy and to determine whether U.S. West was required to provide UIM. The trial court held that U.S. West was obligated to provide UIM, that U.S. West's UIM obligation was limited to $100,000, that U.S. West was the primary insurer and National Farmers the secondary or excess carrier, and that both U.S. West and National Farmers were entitled to setoffs for the amount of worker's compensation benefits paid.

Sookie S. Bang and her automobile liability insurance carrier, American Concept Insurance Company, appeal the trial court's determination that the amount of U.S. West's UIM coverage is limited to $100,000 and that U.S. West and National Farmers are entitled to setoffs in the amount of worker's compensation benefits paid to Bergstresser.

U.S. West filed notice of review as to the trial court's finding that it was required to provide UIM and that it was the primary UIM insurer.[1]

## STANDARD OF REVIEW

 The construction of statutes is a question of law. *Vellinga v. Vellinga*, 442 N.W.2d 472, 473 (S.D.1989). Conclusions of law are reviewed de novo. *Rusch v. Kauker*, 479 N.W.2d 496, 499 (S.D.1991). In constru-

---

1. John M. Ligtenberg and Horace Mann Service Corporation filed a notice of review claiming this court did not have jurisdiction because this was a partial summary judgment which could not be appealed as a matter of right and no permission for intermediate appeal had been granted. This claim has no merit. All issues before the trial court in the declaratory judgment action were decided by granting summary judgment in part and denying summary judgment in part; therefore, the order is appealable. SDCL 21–24–13; SDCL 15–26A–3(2); *cf., South Dakota Dep't Trans. v. Freeman*, 378 N.W.2d 241 (S.D.1985) (holding intermediate order was not appealable as a matter of right).

ing statutes, this court looks at the intention of the lawmakers as expressed in the plain meaning and effect of the words and phrases used in the statute. SDCL 2–14–1; *In re Petition of Famous Brands, Inc.*, 347 N.W.2d 882, 885 (S.D.1984). The provisions of the uninsured motorist statutes are construed liberally in favor of coverage. *Clark v. Regent Ins. Co.*, 270 N.W.2d 26, 29 (S.D. 1978).

## DECISION

### I. SELF–INSURED EMPLOYERS ARE REQUIRED TO PROVIDE UNINSURED MOTORIST COVERAGE

A. *Self-insurers are required to provide UIM coverage.*

■ The trial court found as a matter of law that self-insurers are required to provide UIM. U.S. West is a self-insurer under SDCL ch. 32–35. SDCL 32–35–113 provides in relevant part:

> Every driver or owner of a motor vehicle shall at all times maintain in force one of the forms of financial responsibility on the motor vehicle by one of the following methods:
>
> \* \* \* \* \* \*
>
> (4) Having a certificate of self-insurance, as provided in §§ 32–35–90 and 32–35–91, supplemented by an agreement by the self-insurer that, with respect to accidents occurring while the certificate is in force, *he will pay the same amounts that an insurer would have been obligated to pay under an owner's motor vehicle liability policy if it had issued such a policy* to said self-insurer[.] (Emphasis added.)

*All insurance policies issued in South Dakota must include uninsured motorist coverage.* SDCL 58–11–9 provides in relevant part:

> No policy insuring against loss resulting from liability imposed by law for bodily

injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle may be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto in limits for bodily injury or death equal to the coverage provided by such policy for bodily injury and death, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom. However, the coverage required by this section may not exceed the limits of one hundred thousand dollars ... unless additional coverage is requested by the insured.

The question of whether a self-insured entity under SDCL ch. 32–35 is required to provide uninsured coverage is a question of first impression in this jurisdiction. There is a decided split of authority in other jurisdictions as to whether self-insured entities are required to provide UIM absent specific statutory mandates. While courts in a slight majority of states have determined statutes requiring uninsured motorist coverage are not applicable to self-insurers,[2] we find that under the liberal construction given South Dakota's uninsured motorist statutes, self-insurers must provide uninsured protection. *Clark*, 270 N.W.2d at 29.

SDCL 32–35–113 mandates that a self-insurer pay the same amounts it would have paid had it purchased a motor vehicle liability policy. It is clear that if U.S. West had chosen to obtain commercial liability insurance, SDCL 58–11–9 would mandate UIM coverage. Because UIM is statutorily mandated under an "owner's motor vehicle liability policy" and SDCL 32–35–113 requires self-insurers to pay as if "an owner's motor vehi-

---

2. *See, e.g., Mountain States Telephone and Telegraph v. Aetna, Cas. & Sur. Co.*, 116 Ariz. 225, 568 P.2d 1123 (1977); *White v. Regional Trans. Dist.*, 735 P.2d 218 (Colo.App.1987); *Lipof v. Florida Power and Light Co.*, 558 So.2d 1067 (Fla.App.1990); *Jordan v. Honea*, 407 So.2d 503 (La.App.1981) *superseded by statute, Cuccia v. Clark*, 557 So.2d 989 (La.App.1990); *Grange Mutual Cas. Co. v. Refiners Trans. Terminal Corp.*, 21 Ohio St.3d 47, 487 N.E.2d 310 (1986); *American States Ins. Co. v. Utah Transit Auth.*, 699 P.2d 1210 (Utah 1985).

cle liability policy" were in force, UIM must be provided by a self-insured entity.

The obligation to pay the same amount it would be obligated to pay under a motor vehicle liability policy is exactly what U.S. West agreed to in its application for self-insurance. On December 30, 1986, it sent a signed and notarized application for self-insurance to the South Dakota Department of Commerce and Regulation and stated:

The undersigned agrees to pay the same amounts with respect to accidents occurring while the certificate is in force that an insurer would be obligated to pay under an owners motor vehicle liability policy if issued to the self-insurer.

*Accord McClain v. Begley,* 465 N.W.2d 680, 681–82 (Minn.1991) (where application for self-insurance stated entity retained excess coverage, it would be held liable up to limits it represented in application).

Furthermore, the legislature did not exempt self-insured entities who establish proof of financial security from providing UIM. It did specifically exempt policies on government-owned vehicles from the requirement of UIM. SDCL 58–11–9; *Simpson v. Tobin,* 367 N.W.2d 757, 763–64 (S.D.1985) (declaring where legislature provided only one statutory exception, it intended only one).

In addition, this reasoning is consistent with courts in other jurisdictions which have concluded self-insurers should be put in the same position as those who purchase liability policies.

The sole purpose of self-insurance is to relieve self-insurers of the burden of expending their assets on insurance premiums; self-insurance is not a means by which self-insurers may avoid the claims of those individuals for whose protection the insurance laws have been enacted.

*Modesta v. Southeastern Pa. Transp. Auth.,* 503 Pa. 437, 469 A.2d 1019, 1022 (1983).[3]

Thus, we agree with the trial court and hold that unless specifically exempted by statute, self-insurers in South Dakota must provide UIM as well as coverage for motor vehicle liability.

B. *Worker's Compensation is not the exclusive remedy for an injured employee.*

■ The trial court found as a matter of law that U.S. West must provide both worker's compensation and UIM to Bergstresser. U.S. West asserts that even if self-insurers in South Dakota are required to provide UIM, the exclusivity of worker's compensation prevents an employee covered by worker's compensation from recovering UIM from his employer. SDCL 62–3–2 provides:

The rights and remedies herein granted to an employee subject to this title, on account of personal injury or death arising out of and in the course of employment, shall exclude all other rights and remedies of such employee, his personal representatives, dependents, or next of kin, on account of such injury or death against his employer or any employee, partner, officer or director of such employer, except rights and remedies arising from intentional tort.

■ Although SDCL 62–3–2 and SDCL 58–11–9 are seemingly in conflict, we have consistently stated that, where possible, statutes should be read in harmony and construed so as to give effect to each statute. *In re Silver King Mines,* 323 N.W.2d 858, 860 (S.D.1982); *Kinzler v. Nacey,* 296 N.W.2d 725, 728 (S.D.1980). Where statutes do conflict, "the more recent enactment is controlling." *In re Estate of Smith,* 401 N.W.2d 736, 740 (S.D.1987). Terms of a statute relating to a specific subject prevail over the general terms of another statute. *Meyerink v. Northwestern Public Service Co.,* 391 N.W.2d 180, 183–84 (S.D.1986).

We believe these statutes can be construed harmoniously. The exclusivity provision of

---

3. *See Hartford Ins. Co. v. Hertz,* 410 Mass. 279, 572 N.E.2d 1 (1991); *Transport of New Jersey v. Watler,* 79 N.J. 400, 400 A.2d 61 (1979) (noting certificate of self-insurance is "policy" for purposes of UIM required for all vehicles); *Ellis v. Rhode Is. Public Trans. Auth.,* 586 A.2d 1055 (R.I.1991) (finding certificate of self-insurance was "policy" within meaning of statutory requirement that policy include UIM); *Southern Home Ins. Co. v. Burdette,* 268 S.C. 472, 234 S.E.2d 870 (1977); *South Carolina Elec. and Gas Co. v. Jeter,* 288 S.C. 432, 343 S.E.2d 47 (App. 1986).

worker's compensation speaks to "rights and remedies herein granted to an employee ... against his employer or any employee, partner, officer or director of such employer." Insofar as the injury for which an employee seeks UIM is caused by his employer, a fellow employee, partner or officer or director of his employer, recovery from the employer is clearly and specifically barred. However, the statute is silent as to recovery from the employer for injury caused by a third-party tort-feasor. Where the exclusivity statute is silent, requiring the employer to provide the mandatory UIM required of all "motor vehicle liability policies," is consistent with what we think the legislature intended.

Moreover, the exclusive remedy provision is not all-encompassing. Subject to statutes' granting an employer subrogation for worker's compensation paid and barring double recovery, an employee may choose to proceed against a third party for injuries received in the course of employment. *Stratton v. Sioux Falls Traction System*, 49 S.D. 113, 206 N.W. 466 (1925). An employee may elect to proceed in tort against an employer who does not operate under the provisions of worker's compensation. *Keil v. Nelson*, 355 N.W.2d 525 (S.D.1984). An employee may obtain separate accident insurance not subject to subrogation by the employer. *Meyers v. Meyers Oil Co.*, 88 S.D. 166, 216 N.W.2d 820 (1975).

Our decision is similar to the reasoning of the Supreme Court of Virginia in *William v. City of Newport News*, 240 Va. 425, 397 S.E.2d 813 (1990). The Virginia court found that its worker's compensation exclusivity provision only prohibited an employee from recovering UIM from a self-insured employer for injuries caused to an employee by the employer or a fellow employee. *Id.* 397

S.E.2d at 815–16. It determined the provision did not bar an employee from recovering UIM from the employer for injury caused by a third-party tort-feasor.[4] *Id.* 397 S.E.2d at 816.

We hold that in South Dakota the exclusive remedy provision of SDCL 62–3–2 does not bar recovery by an employee of UIM from his employer if the injury was caused by a third-party tort-feasor.

## II. THE MAXIMUM LIMIT OF UIM FOR SELF–INSURERS ABSENT A REQUEST FOR ADDITIONAL INSURANCE IS $100,000.

The trial court held U.S. West was liable for UIM coverage up to a limit of $100,000. Defendants Ligtenberg, Bergstresser and Bang, citing *McClain v. Begley* as authority, urge that U.S. West's liability for uninsured coverage is the total amount of the company's assets rather than the statutory limit of SDCL 58–11–9.[5] *McClain*, 465 N.W.2d at 682. They claim SDCL 32–35–91, which allows a certificate of self-insurance to be issued if the Department of Commerce is satisfied that an entity "is possessed and will continue to be possessed of the ability to pay judgments obtained against such person," should be interpreted to mean U.S. West pledged its entire worth as the limit of its liability.

*McClain* is inapplicable to these facts. In *McClain*, the self-insurer stated in its application that it had purchased $2,500,000 worth of insurance coverage "in excess of the $500,-000 [self-insured retention]." Thus, it represented that it was self-insured for $500,000. *Id.* at 681. U.S. West made no such representation in its application for self-insurance.

---

4. We are aware of the split of authority on this question. *See e.g., Mathis v. Interstate Motor Freight System*, 408 Mich. 164, 289 N.W.2d 708 (1980); *Christy v. City of Newark*, 102 N.J. 598, 510 A.2d 22 (1986) *superseded by statute, Schaser v. State Farm Ins. Co.*, 255 N.J.Super. 169, 604 A.2d 687 (1992); *Wright v. Smallwood*, 419 S.E.2d 219, 221 (S.C.1992); *Ryder Truck Lines, Inc. v. Maiorano*, 44 N.Y.2d 364, 405 N.Y.S.2d 666, 376 N.E.2d 1311 (1978); *cf. Gullet v. Brown*, 307 Ark. 385, 820 S.W.2d 457 (1991); *Bouley v. City of Norwich*, 222 Conn. 744, 610

A.2d 1245 (1992); *Berger v. H.P. Hood, Inc.*, 416 Mass. 652, 624 N.E.2d 947 (1993); *Hackenberg v. Southeast Transp. Auth.*, 526 Pa. 358, 586 A.2d 879 (1991).

5. SDCL 58–11–9 provides in part:

 [T]he coverage required by this section may not exceed the limits of one hundred thousand dollars because of bodily injury or death of one person in any one accident ... unless additional coverage is requested by the insured.

■ Further, Defendants' argument ignores SDCL 32–35–75 which provides:

Any policy which grants the coverage required for a motor vehicle liability policy may also grant any lawful coverage in addition to the coverage specified for a motor vehicle liability policy and *such excess or additional coverage shall not be subject to the provisions of this chapter.* With respect to a policy which grants such excess or additional coverage the term "motor vehicle liability policy" shall apply only to that part of the coverage which is required by § 32–35–70 or 32–35–71 (emphasis added).

Therefore, the statutory maximum UIM $100,000 required by SDCL 58–11–9 is not affected by an application for self-insurance under SDCL ch. 32–35. *See also Krieg v. State,* 183 A.D.2d 1025, 583 N.Y.S.2d 621 (1992) (finding self-insurer's liability was co-extensive with other insureds and did not exceed statutory maximum); *Dale v. City of Newport News,* 243 Va. 48, 412 S.E.2d 701 (1992) (refusing to retroactively apply statutory UIM cap to limit liability of self-insurer with no established limits).

U.S. West's application for a certificate of self-insurance did not operate as a request to raise the amount of UIM coverage. We agree with the trial court and hold that the statutory limit of U.S. West's liability for UIM is $100,000.

## III. U.S. WEST IS THE PRIMARY CARRIER AND NATIONAL FARMERS THE EXCESS CARRIER.

■ The trial court found as a matter of law that U.S. West was the primary UIM insurer and National Farmers was the secondary or excess carrier. We agree.

Bergstresser's policy with National Farmers contained a provision which states:

OTHER INSURANCE

If there is other similar insurance on a loss covered by this Part, we will pay our proportionate share as our limit of liability bears to the total limits of all applicable similar insurance. But, any insurance for a vehicle you do not own is

excess over any other applicable similar insurance.

■ Although there is a split of authority as to whether self-insurance is "other insurance," we think the better rule is that the coverage provided by a self-insurer is "other insurance" subject to the same provisions that would be imposed on a commercial insurance carrier. This is consistent with our interpretation of SDCL 32–35–113 under which U.S. West is required to provide UIM as a self-insurer. *Accord Jones v. Morrison,* 284 F.Supp. 1016, 1019 (W.D.Ark 1968); *Travelers Indemnity Co. v. Michigan Lia. Co.,* 259 F.Supp. 606, 609 (W.D.Va.1966); *Hackman v. American Mut. Lia. Ins. Co.,* 110 N.H. 87, 261 A.2d 433 (1970); *Hillegass v. Landwehr,* 176 Wis.2d 76, 499 N.W.2d 652 (1993); *cf. In re Request for Opinion of Supreme Court,* 379 N.W.2d 822, 827 (S.D. 1985) (self-insurance as ordinarily used does not constitute insurance such as to waive state's sovereign immunity).

In *Union Ins. Co. v. Farmland Ins. Co.,* 389 N.W.2d 820 (S.D.1986) this court reiterated "the general rule is that primary liability is placed with the insurer of the owner of the vehicle involved in an accident rather than on the insurer of the operator." *Id.* at 822 (citing 7A Am.Jur.2d *Automobile Insurance* § 434 (1980); 16 Couch on Insurance § 62:60 (Rev. ed. 1983); *USF & G v. Safeco Ins. Co. of Am.,* 522 S.W.2d 809 (Mo.1975)); *Georgia Mut. Ins. Co. v. Southern General Ins. Co.,* 181 Ga.App. 238, 351 S.E.2d 658 (1986) (expressing where policies covered both owner and permissive user, owner's policy was primary); *Home Ins. Co. v. Glens Falls Ins. Co.,* 675 S.W.2d 486 (Tenn.App. 1984) (stating to determine primary carrier, look to the owner of the vehicle permittee was operating); *Millers Cas. Ins. Co. v. Briggs,* 100 Wash.2d 9, 665 P.2d 887 (1983). We see no reason to deviate from that rule here.

Therefore, we agree with the trial court and hold that the primary liability for UIM is placed with U.S. West as the owner of the vehicle and that Bergstresser's private UIM coverage with National Farmers is secondary.

## IV. A UIM SELF–INSURER HAS A STATUTORY LIEN FOR WORKER'S COMPENSATION PAID BUT UIM POLICY PROVISIONS PROVIDING A SETOFF FOR WORKER'S COMPENSATION ARE INVALID.

The trial court held as a matter of law that both U.S. West and National Farmers were entitled to setoffs for worker's compensation benefits paid to Bergstresser. We disagree.

### A. UIM policy provision setoff for worker's compensation paid.

■ Bergstresser's UIM policy with National Farmers provides:

Uninsured Motorists Coverage shall not apply to the benefit of any insurer or self-insurer under any workers' compensation or disability benefits law or any similar law.... Any amounts payable will be reduced by: (1) A payment made by the owner or operator of the uninsured motor vehicle or organization which may be legally liable. (2) A payment under the Liability Coverage of this policy. (3) A payment made or amount payable because of the bodily injury under any workers' compensation law or disability benefits law or similar law.

National Farmers asserts it is contractually entitled to set off against UIM all worker's compensation paid or payable to Bergstresser. This issue has been addressed by a number of jurisdictions and the overwhelming majority have held such policy provisions invalid. *See State Farm Mutual Auto. Ins. Co. v. Cahoon*, 287 Ala. 462, 252 So.2d 619 (1971); *State Farm Mutual Auto. Ins. Co. v. Karasek*, 22 Ariz.App. 87, 523 P.2d 1324 (1974); *Travelers v. National Farmers Union Prop. & Cas. Co.*, 252 Ark. 624, 480 S.W.2d 585 (1972); *Nationwide Mut. Ins. Co. v. Hillyer*, 32 Colo.App. 163, 509 P.2d 810 (1973); *Jeanes v. Nationwide Ins. Co.*, 532 A.2d 595 (Del.Ch.1987); *Leist v. Auto Owners Ins. Co.*, 160 Ind.App. 322, 311 N.E.2d 828 (1974); *Fryer v. National Union Fire Ins. Co.*, 365 N.W.2d 249 (Minn.1985); *Cano v. Travelers Ins. Co.*, 656 S.W.2d 266 (Mo. 1983); *Sullivan v. Doe*, 159 Mont. 50, 495 P.2d 193 (1972); *Merchants Mut. Ins. Group v. Orthopedic Professional Assoc.*, 124 N.H. 648, 480 A.2d 840 (1984); *Sweeney v. Hartford Accident & Indem. Co.*, 136 N.J.Super. 591, 347 A.2d 380 (1975); *Bartlett v. Nationwide Mut. Ins. Co.*, 33 Ohio St.2d 50, 294 N.E.2d 665 (1973); *Chambers v. Walker*, 653 P.2d 931 (Okla.1982); *Peterson v. State Farm Mut. Auto. Ins. Co.*, 238 Or. 106, 393 P.2d 651 (1964); *Selected Risks Ins. v. Thompson*, 520 Pa. 130, 552 A.2d 1382 (1989); *Aldcroft v. Fidelity & Cas. Co.*, 106 R.I. 311, 259 A.2d 408 (1969); *Ferguson v. State Farm Mut. Auto. Ins. Co.*, 261 S.C. 96, 198 S.E.2d 522 (1973); *Thamert v. Continental Cas. Co.*, 621 P.2d 702 (Utah 1980); *Allstate Ins. Co. v. Welch*, 45 Wash.App. 740, 727 P.2d 268 (1968); *Niemann v. Badger Mut. Ins. Co.*, 143 Wis.2d 73, 420 N.W.2d 378 (App.1988).

We agree with the Pennsylvania Supreme Court which said:

The rationale of these courts is varied but certain common themes emerge; first, uninsured motorist coverage is paid for by a separate premium, and to give the uninsured motorist carrier a set-off based on the fortuitous existence of a collateral source would result in a windfall to the carrier; second, uninsured motorist coverage is mandated by statute and any variations from that statutory mandate should come from the legislature; third, workmen's compensation only covers a fraction of what tort damages would cover, and a dollar-for-dollar set-off does not recognize this reality; and fourth, there is no public policy against an individual purchasing additional uninsured motorist coverage to protect himself and his family against the shortfall which could result from a dependency on workmen's compensation.

*Selected Risks*, 552 A.2d at 1388.

Moreover, we are guided by the fact that the legislature has not provided any statutory setoff of worker's compensation benefits for UIM carriers. Where the legislature intended to grant such a setoff, it has specifically provided one. *South Dakota Medical Service, Inc. v. Minnesota Mutual Fire & Cas. Co.*, 303 N.W.2d 358 (S.D.1981) (finding provision excluding coverage for benefits provided by worker's compensation was statutorily provided by SDCL 58–17–10); *accord, Westphal v. Amoco Ins. Co.*, 87 S.D. 404, 209

N.W.2d 555 (1973) (holding UIM policy provision decreasing amount due passenger by amount paid by driver's UIM was invalid if it reduced recovery below actual loss); *Meyers,* 88 S.D. at 168, 216 N.W.2d at 821 (stating compensation carrier should not be beneficiary of claimant's personal policy).

Therefore, a policy provision purporting to reduce UIM benefits paid by worker's compensation is void as a matter of public policy.

B. *Worker's compensation carrier's statutory lien for UIM.*

■ Unlike National Farmers, U.S. West has no contractual policy provision providing for a setoff of UIM benefits for worker's compensation benefits received. However, as the worker's compensation carrier, U.S. West has a statutory worker's compensation lien if the employee collects damages from another person. SDCL 62-4-39 provides:

If compensation has been awarded and paid under this title and the employee has recovered damages from another person, the employer having paid the compensation may recover from the employee such an amount equal to the amount of compensation paid by the employer to the employee, less the necessary and reasonable expense of collecting the same.

National Farmers asserts that the statutory lien is not applicable where the damages received are UIM benefits from a self-insured employer. We are aware there is a jurisdictional split as to whether a worker's compensation carrier's subrogation rights extend to actions based on an employer's UIM policy. *See, e.g., Manning v. Fletcher,* 324 N.C. 513, 379 S.E.2d 854 (1989) (finding statute permits reduction of UIM by the amounts paid as worker's compensation); *Christy,* 510 A.2d 22 (holding self-insurer is required to provide UIM to employee but has statutory lien on any worker's compensation benefits paid); *Terry v. Aetna Cas. & Sur. Co.,* 510 S.W.2d 509 (Tenn.1974); *cf. Knight v. Insurance Co. of North America,* 647 F.2d 127 (10th Cir.1981) (finding subrogation is allowed only for tort damages and UIM sounds in contract); *Travelers Ins. Co. v. National Farmers Union Prop. & Cas. Co.,* 252 Ark. 624, 480 S.W.2d 585 (1972);

*Janzen v. Land O'Lakes, Inc.,* 278 N.W.2d 67 (Minn.1979).

■ The statutes interpreted in many of the cases disallowing a worker's compensation lien have language limiting subrogation only to actions in tort. SDCL 62-4-39 clearly has no such restriction and allows reimbursement if "the employee has recovered damages from another person." Moreover, allowing the lien is consistent with South Dakota's public policy of avoiding duplicate recovery for the same injury. SDCL 62-4-38; *St. Paul Fire & Marine Ins. v. Farner,* 648 F.2d 489, 491 (8th Cir.1981). Therefore, U.S. West has a statutory lien for any worker's compensation that it may apply against its liability for UIM.

■ Defendant Bang's argument that allowing a lien will result in procedural complications requiring a plaintiff to choose between proceeding against either a tort-feasor or his worker's compensation carrier has no merit. A plaintiff is not required to determine the extent of worker's compensation before proceeding with a tort claim. *Helmbolt v. Lemars Mut. Ins. Co.,* 404 N.W.2d 55, 59 (S.D.1987).

In conclusion, we hold that a self-insurer is required to provide UIM, that an employee may recover UIM from his employer if his injury was caused by a third-party tort-feasor, that the statutory UIM limit for a self-insurer is $100,000 absent a request for additional coverage, that UIM policy provisions purporting to set off worker's compensation are invalid and that an entity that is self-insured for worker's compensation has a statutory lien against any self-insured UIM benefits for compensation paid.

WUEST, HENDERSON, SABERS and AMUNDSON, JJ., concur.