2003 SD 52

**AUTO OWNERS INSURANCE COMPANY, Plaintiff and Appellee,**

v.

**ENTERPRISE RENT–A–CAR COMPANY–MIDWEST, Defendant and Appellant.**

**No. 22588.**

Supreme Court of South Dakota.

Considered on Briefs March 24, 2003.

Decided May 14, 2003.

Douglas M. Deibert of Cadwell, Sanford, Deibert & Garry Sioux Falls, South Dakota, Attorneys for plaintiff and appellee.

Robert C. Riter, Jr. of Riter, Mayer, Hofer, Wattier & Brown Pierre, South Dakota, Attorney for defendant and appellant.

GILBERTSON, Chief Justice.

[¶ 1.] Auto–Owners Insurance Company (Auto–Owners) is the insurer of the operator of a rental car that was involved in a collision. Auto–Owners brought a declaratory judgment action to determine whether it or Enterprise Rent–A–Car (Enterprise) had the duty to provide primary coverage on a vehicle that was operated by one of Enterprise's customers. The circuit court determined Enterprise had the primary obligation to defend and indemnify. Enterprise appeals and we affirm.

**FACTS AND PROCEDURE**

[¶ 2.] Enterprise is an automobile rental company, which is licensed and authorized to conduct business in the state of South Dakota. It is registered as a for-

eign corporation in this state. Enterprise is self-insured and has filed a Certificate of Self–Insurance in the state of South Dakota.

[¶ 3.] William Leopard (Leopard), a resident of South Dakota, rented an automobile from Enterprise on August 17, 2000 in Omaha, Nebraska. Leopard signed a rental agreement that contained the following clause:

> Owner does not provide, extend, or afford any insurance coverage to renter, passenger or authorized operator through this agreement. Owner's financial responsibility is expressly limited to those applicable provisions of the motor vehicle financial responsibility laws of the state in which the vehicle is operated. Renter assumes full responsibility for any damage to, destruction, or loss of property transported by or in the rented vehicle. If there is other valid and collectible automobile liability protection or insurance on any basis available to renter or any other person, and if such protection or insurance satisfies the financial responsibility laws, then no liability protection is afforded by owner. However, if renter is in compliance with the terms and conditions of this agreement and if owner is determined by law to provide liability protection to any renter or authorized driver, such liability protection shall be limited to the minimum financial responsibility limits of the state in which the vehicle is operated.

[¶ 4.] The rental agreement also contained a "Renters Indemnity Provision." This provision stated:

> Upon demand from owner, renter agrees to defend, indemnify and hold owner harmless from all losses, liabilities, damages, injuries, claims, demands, costs and expenses incurred by owner in any manner from this rental transaction or from the use, operation of the rental car by any party, including claims of, or liabilities to, third parties, and agrees to present such a claim to their insurance carrier for all such expenses. If renter has no insurance to cover such events or losses, renter agrees to pay owner for such losses.

[¶ 5.] Ten days later, while Leopard was driving the rental car in Sioux Falls, South Dakota, he was involved in a car accident. A civil action for personal injuries was brought against Leopard by the occupants of the other car.

[¶ 6.] Leopard has automobile insurance with Auto–Owners. In the policy that Auto–Owners issued to Leopard, was a clause that provided that liability coverage extended to damages assumed in a "private passenger automobile lease or rental agreement." Auto–Owners ultimately provided the defense to the civil action after Enterprise denied coverage. Thereafter, a declaratory action was brought by Auto–Owners against Enterprise to determine whether a Certificate of Self–Insurance on a motor vehicle owned by Enterprise requires Enterprise to provide defense and indemnification to Leopard. Both parties filed motions for summary judgment. The circuit court granted Auto–Owners' motion, finding that despite the language of the rental agreement, Enterprise was responsible for the minimum limits of $25,000/$50,000 as a self-insurer. Therefore, Enterprise owed the primary duty to defend and indemnify Leopard. Enterprise appeals raising the following issue:

> Whether Enterprise's rental agreement, which states it does not have the primary duty to defend and indemnify, violates South Dakota's insurance statutes.

## STANDARD OF REVIEW

[¶ 7.] The trial court's legal conclusions regarding insurance contract in-

terpretation and statutory construction are reviewed under the de novo standard. *Auto–Owners Ins. Co., v. Hansen Housing, Inc.,* 2000 SD 13, ¶ 10, 604 N.W.2d 504, 509 (citing *National Farmers Union Property and Cas. Co., v. Universal Underwriters Ins. Co.,* 534 N.W.2d 63, 64 (S.D.1995)). When an insurance company relies on a contract exclusion to foreclose coverage, " 'the insurer has the burden of proving that the exclusion applies.' " *Auto–Owners,* 2000 SD 13, ¶ 10, 604 N.W.2d at 509 (citation omitted).

### ANALYSIS AND DECISION

█ [¶ 8.] Enterprise first argues that since the rental agreement was executed in Nebraska, that state's law should apply. However, the rental contract, which was prepared by Enterprise, explicitly states:

Owner's financial responsibility is expressly limited to those applicable provisions of the motor vehicle financial responsibility *laws of the state in which the vehicle is operated.* (emphasis added.)

It is undisputed that the auto accident occurred in South Dakota. Therefore, under the plain words of the rental agreement, South Dakota's law applies.

[¶ 9.] The next step in our analysis is looking to the applicable state statutes. SDCL 32–35–70 was enacted in 1986 and requires all motor vehicle owners to maintain proof of financial responsibility. This statute provides:

An owner's policy of liability insurance referred to in § 32–35–68 shall insure the person named therein and any other person as insured, using any insured vehicle or vehicles with the express or implied permission of the named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of the vehicle or vehicles within the United

States of America or the Dominion of Canada, subject to limits exclusive of interests and costs, with respect to each insured vehicle, as follows: twenty-five thousand dollars because of bodily injury to or death of one person in any one accident and, subject to the limit for one person, fifty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and twenty-five thousand dollars because of injury to or destruction of property of others in any one accident. If the policy complies with the filing and form requirements of Title 58 and has been approved by the Division of Insurance, the driver and owner have complied with this chapter. The policy may exclude liability coverage if the policyholder certifies in writing that the vehicle will not be operated during the policy period. The policy may exclude or limit coverage pursuant to § 58–11–9.3, or for a relative residing in the named insured's household. Policies issued after January 1, 1987, and owners who have purchased such policies are in compliance with this chapter. Date of compliance does not affect any pending litigation.

This statute clearly requires that an automobile owner provide coverage for those who use the vehicle with either express or implied permission. It is undisputed that Leopard entered into a rental agreement for the use of one of Enterprise's vehicles in exchange for a fee.

[¶ 10.] Moreover, Enterprise as a self-insured company, pursuant to SDCL 32–35–90, filed a self-insurance certificate with the state of South Dakota. We stated in *National Farmers Union Property and Casualty Co. v. Bang,* 516 N.W.2d 313, 317 (S.D.1994):

The sole purpose of self-insurance is to relieve self-insurers of the burden of expending their assets on insurance pre-

miums; self-insurance is not a means by which self-insurers may avoid the claims of those individuals for whose protection the insurance laws have been enacted.

(quoting *Modesta v. Southeastern Pa. Transp. Auth.*, 503 Pa. 437, 441–42, 469 A.2d 1019, 1022 (1983)). Furthermore, under SDCL 32–35–113, South Dakota's financial responsibility statute, if a company receives a certificate of self-insurance, it "will pay the same amounts that an insurer would have been obligated to pay under an owner's motor vehicle liability policy if it had issued such a policy to said self-insurer."

[¶ 11.] Auto–Owners assert that the use of the words "owner's policy" in the above statute "clearly contemplates the requirements of an owner's policy" as defined in SDCL 32–35–70. Under that statute, Enterprise would be primarily responsible for coverage for a permissive user of one of its automobiles. We agree with Auto–Owners' argument. As we stated in *Bang*, because those who self-insure are obligated to pay the same amount it would be obligated to pay under a motor vehicle liability policy, "self-insurers in South Dakota must provide ... coverage for motor vehicle liability." 516 N.W.2d at 317.

[¶ 12.] Enterprise next argues that the language of its rental agreement is valid and not contrary to South Dakota's public policy. In *Cimarron Insurance Co. v. Croyle*, we held that a "household exclusion" clause in an automobile insurance policy, which conflicted with SDCL 32–35–70, was void to the extent of the mandated minimum coverage. 479 N.W.2d 881, 885 (S.D.1992). After we issued that decision, the legislature immediately amended SDCL 32–35–70 to allow insurance companies to issue liability policies with "household exclusions." *See, e.g., DeSmet Ins.*

*Co. of South Dakota v. Gibson*, 1996 SD 102, ¶ 6, 552 N.W.2d 98, 99.

[¶ 13.] The above statutes support a strong public policy consideration. We have previously stated:

We note that placing primary coverage on the owner's insurer is nothing new. In fact, the general rule is that primary liability is placed with the insurer of the owner of the vehicle involved in an accident, rather than on the insurer of the operator. [The Insurer] cannot claim an overriding public policy to the contrary.

*Union Ins. Co., v. Farmland Ins., Co.*, 389 N.W.2d 820, 822 (S.D.1986) (internal citations omitted). In *Hertz Corp. v. State Farm Mutual Insurance Co.*, 573 N.W.2d 686, 691 (Minn.1998), the Minnesota Supreme Court held that Hertz, the rental car company's insurance was primary to the operator's insurance. That court stated, "Hertz's self-insurance must provide liability coverage for damages caused by the use of vehicles it owns and offers for rent." *Id.* Likewise, we hold that Enterprise is responsible for insuring its rental vehicles.

[¶ 14.] If we were to hold that Enterprise could validly contract itself out of providing insurance for the vehicles that it rents, this would in effect mean that the rules that apply to other owners of automobiles regarding liability would not apply to Enterprise. Enterprise enjoys self-insured status in South Dakota and as such, does not have to pay premiums for insurance, like other auto-owners. South Dakota has made clear that those who choose to self-insure are held to the same duties as those who do not.

[¶ 15.] For the foregoing reasons, we hold that Enterprise must provide primary liability coverage for its vehicles that it owns and leases to customers. In accord with SDCL 32–35–70, Enterprise is re-

sponsible for coverage up to the mandatory minimum amounts.  Affirmed.

[¶ 16.]  SABERS, KONENKAMP, ZINTER, and MEIERHENRY, Justices, concur.